UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Henry GOLDING,
Defendant-Appellant.

No. 84–1608
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 1984.

Craig A. Washington, Houston, Tex., for defendant-appellant.

Helen M. Eversberg, Sidney Powell, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN, TATE, and GARWOOD, Circuit Judges.

TATE, Circuit Judge:

The defendant Golding appeals from the judgment of the district court setting bond pending trial at $1,000,000. 18 U.S.C. §§ 3146, 3147. We affirm.[1]

The general legal principles applicable to a release on bail pending trial are not disputed. If the district court judge determines that a release on personal recognizance will not reasonably assure the appearance of the person at the trial, he may additionally impose conditions of release "which will reasonably assure the appearance of the person for trial", including the requirement of "the execution of an appearance bond in a specified amount." 18 U.S.C. § 3146(a). With regard to the guiding criteria, 18 U.S.C. § 3146(b) provides:

> In determining which conditions of release will reasonably assure appearance, the judicial officer shall, on the basis of available information, take into account the nature, and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

■ On appeal, "the duty of an appellate court when reviewing the action of the court of original jurisdiction is to determine whether the order is supported by the proceedings below." *United States v. Thibodeaux*, 663 F.2d 520, 522 (5th Cir.1981). *See also* 18 U.S.C. § 3147(b). On appellate review, "the conditions of the bail are left to the discretion of the issuing authority as long as those conditions are necessary to reasonably assure the appearance of the person as required." *United States v. Cook*, 428 F.2d 460, 461 (5th Cir.1970), 3 Wright, Federal Practice and Procedure §§ 772, 773.

The district court held an evidentiary hearing, made findings based on the evidence so taken, specifically considered the factors set forth in 18 U.S.C. § 3146(b), and determined that a bail of one million dollars was required to assure the defendant's appearance at trial.

The factual showing upon which the district court made its findings and determinations were as follows:

■ Golding, with a previous narcotics conviction, is now indicted on four counts of narcotics law violations (and one count of passport law violation), upon which he faces a maximum exposure of imprisonment of not less than ten years to life imprisonment, forfeiture, plus fines in excess of $170,000. Golding had been a fugitive for approximately two years before his arrest, had received three passports under various aliases, was currently unemployed, and had infrequent family contacts (he had not seen his parents for over two years), and had no significant community ties. A drug enforcement agency officer testified as to a government showing that Golding had dealt in multi-hundred thousand dollar cocaine deals, and was known to have several hundred thousand dollars in banks around the country and in foreign accounts. The agent also testified as to evidence from coconspirators that were available to prove Golding's participation in the drug conspiracy charged, as well as to a taped conversation between the defendant and another person (which was introduced in evidence), in which Golding admitted his drug dealings and that the two named government witnesses had enough information regarding his drug dealings to put him in prison for life.

Based upon this factual showing, we find that the record supports the district court's determination that bail in large amount was required to assure Golding's appear-

---

1. We previously remanded this appeal on an issue of timeliness. *United States v. Golding*, 739 F.2d 183 (5th Cir.1984). On the remand the district court found an excusable neglect and deemed the notice of appeal as timely.

ance at trial, if released, and we are unable to find an abuse of its discretion in fixing the amount at one million dollars. *See United States v. Montemayor*, 666 F.2d 235, 237–38 (5th Cir.1982) (where bail in the amount of one million dollars was affirmed). As the district court here stated:

> After considering the serious nature and circumstances of the offense charged; the weight of the evidence against the accused; the Defendant's infrequent contacts with his family; his employment record; his financial resources; his character and mental conditions, the short amount of time he resided in this community; his record of convictions; and his record of failure to appear before various courts on at least five occasions as well as his record of flight to avoid prosecution; it is the opinion of this Court that the Defendant's bond remain at One Million Dollars ($1,000,000) cash or corporate surety.

We therefore reject the defendant Golding's various contentions as to the necessity for bail in such large amount.

■ We further reject Golding's contention that the government agent's testimony as to the weight of the evidence against the accused and his financial resources should be considered insufficient, since based on hearsay, to support the factual findings of the district court. However, 18 U.S.C. § 3146(f) provides that information offered in connection with a bail order "need not conform to the rules pertaining to the admissibility of evidence in a court of law." Thus, hearsay and other evidence that might be inadmissible at a trial on the merits may be received and considered in a bail hearing. *United States v. Montemayor, supra*, 666 F.2d at 237.[2]

Accordingly, we AFFIRM the order of the district court fixing bail at one million dollars.

AFFIRMED.

2. Fed.R.Evid. 1101(d)(3) specifically provides that the rules of evidence (other than with respect to privileges) do not apply to proceedings with respect to release on bail.