### UNITED STATES of America,
Plaintiff-Appellee,

v.

### Juan Jesus MEDINA,
Defendant-Appellant.

#### No. 85–3787.

United States Court of Appeals,
Eleventh Circuit.

Oct. 18, 1985.

Raymond Takiff, Coconut Grove, Fla., for defendant-appellant.

Michael Rubenstein, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

BY THE COURT:

This case is before the Court on Defendant-Appellant Medina's emergency motion for bail pending trial. As presented to us, the facts appear to be as follows:

Following his arrest on charges of possession with intent to distribute approximately eight tons of marijuana, Medina was first brought before the Honorable George T. Swartz, a United States Magistrate sitting in Lee County for the Middle District of Florida, on August 29, 1985. The defendant was not represented by counsel at that appearance and had refused to provide any information to a United States Probation Office Pretrial Services Officer for the purpose of preparing a pre-bail report for the court. Counsel for the government also was not present at the defendant's initial appearance before the federal magistrate. Magistrate Swartz set

bond in the amount of $500,000, which could be satisfied by payment of a $50,000 cash deposit into the court's Registry.

Medina was subsequently transferred from Ft. Myers, Florida, where he had been held following his arrest, to Tampa, where he appeared with counsel before the Honorable Thomas P. Wilson, United States Magistrate for the Middle District of Florida, on September 5, 1985. At that appearance the magistrate held a preliminary hearing and found probable cause to believe that Medina and his codefendants had committed the major drug offenses with which they were charged. At that hearing, counsel for the government objected to the bond set by Magistrate Swartz and indicated that the government would seek an order detaining Medina without bond. Defense counsel represented that he was prepared to go ahead immediately with a hearing on the government's motion for a pretrial detention order and requested that the matter be considered at that time.

Following the hearing that was then held, Magistrate Wilson concluded that Medina posed a risk of flight if released on bond and ordered him detained pending trial. Under the applicable statutes, once the magistrate had found probable cause to believe Medina committed the offense with which he was charged, a rebuttable presumption arose to the effect that no condition or combination of conditions of release would reasonably assure the appearance of the defendant at trial and the safety of the community. 18 U.S.C. § 3142(e). The magistrate's conclusion that Medina had not overcome the statutory presumption in favor of pretrial detention was based on his findings that Medina had not demonstrated strong ties to the community and that he was apparently involved in the alleged drug smuggling operation in a supervisory capacity (i.e. as captain of the drug smuggling vessel). In sum, the magistrate concluded that "[t]he totality of the evidence in this case provides a strong indication that defendant Medina would be a risk to flee, if released on bail."

Medina challenged Magistrate Wilson's pretrial detention order before the district court, arguing that (1) the detention order is void because the detention hearing was not held at Medina's first appearance; (2) Medina does not in fact pose a risk of flight; (3) the Bail Reform Act of 1984, pursuant to which the pretrial detention order was issued, is unconstitutional; and (4) Magistrate Wilson was prejudiced against Medina because he was accused of smuggling drugs. The district court rejected each of Medina's contentions, finding that Magistrate Wilson did not err in concluding that Medina posed a risk of flight and should be held without bond pending trial.

In his emergency motion to this court, Medina raises essentially the same claims he raised in the district court, restating them to assert that (1) the order of detention is void because it was not issued as a consequence of the proceedings transpiring upon Medina's first appearance before a judicial officer, (2) the magistrate erroneously applied the law to impose pretrial detention where it is not warranted by the facts, and (3) the Bail Reform Act of 1984 is unconstitutional. We address each of these claims in the order in which they are presented above.

■ Appellant argues first that the pretrial detention order issued by Magistrate Wilson and subsequently approved by the district court is void because it was not the product of a detention hearing held immediately upon Medina's first appearance before a judicial officer. In support of this contention, Medina places heavy reliance upon the recent decision of the Second Circuit in *United States v. Payden*, 759 F.2d 202 (2nd Cir.1985). In that case the court held that where the defendant was not afforded any hearing under the newly enacted Bail Reform Act of 1984 until two weeks after his arraignment, he could not thereafter be detained pending trial pursuant to the terms of the Act. In that case, however, the court reversed the district court's pretrial detention order because the Bail Reform Act by its terms required that

the defendant be granted a detention/release hearing at his first appearance before a judicial officer, unless a continuance was granted in accordance with the terms of the Act. The district court's failure to afford the defendant any hearing at all until two weeks after his first appearance thus constituted a clear violation of the language and spirit of the Act. Under such circumstances, it may indeed be inappropriate to permit the pretrial detention of a defendant otherwise detainable under the Act. As we indicate below, however, we find no such violation of the Act in the case at bar. Thus, we need not approve or disapprove of the holding and rationale of *Payden* at this time.

The Bail Reform Act of 1984 provides generally that:

> Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—
>
> (1) released on his personal recognizance or upon execution of an unsecured appearance bond, pursuant to the provisions of subsection (b);
>
> (2) released on a condition or combination of conditions pursuant to the provisions of subsection (c);
>
> (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion pursuant to the provisions of subsection (d); or
>
> (4) detained pursuant to the provisions of subsection (e).

18 U.S.C. § 3142(a). Subsection (e) provides for the imposition of pretrial detention under certain circumstances, following a hearing that "shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance." 18 U.S.C. § 3142(f). At any such detention hearing,

> the person has the right to be represented by counsel, and, if he is financially unable to obtain adequate representation, to have counsel appointed for him. The person shall be afforded an opportunity to testify, to present witnesses on his own behalf, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise.

*Id.* These procedural safeguards, the statute makes clear, must only be insured if detention is contemplated or imposed at the initial appearance pursuant to subsection (e).

■ We construe these provisions to impose upon the judicial officer before whom the defendant makes his first appearance a duty to (1) conduct a detention hearing, if one is appropriate under the circumstances and can be conducted in accordance with the statutorily mandated safeguards, perhaps resulting in detention pursuant to subsection (e), (2) order the defendant detained temporarily pursuant to subsection (d) to permit deportation, exclusion or the revocation of certain forms of conditional release, or (3) order the defendant released pursuant to the provisions of subsections (b) or (c). Appellant interprets these provisions to require that pretrial detention be imposed at the defendant's first appearance or not at all. We interpret them instead only to require that defendant be given an opportunity to secure his release at his first appearance before a judicial officer, and that a detention hearing be held in accordance with statutory requirements if he is to be detained following that appearance.

■ This initial appearance requirement does not, however, preclude subsequent modification of any order entered by the judicial officer. Where a defendant has been released on conditions pursuant to subsection (c), "[t]he judicial officer may at any time amend his order to impose additional or different conditions of release." 18 U.S.C. § 3142(c). More to the point, the Bail Reform Act of 1984 also provides for review of a release order like that issued by Magistrate Swartz as follows:

> (a) Review of a release order.—If a person is ordered released by a magistrate, or by a person other than a judge of a court having original jurisdiction

over the offense and other than a Federal appellate court—

> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
>
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

The motion shall be determined promptly.

18 U.S.C. § 3145(a).

The statutory provision, which clearly authorizes subsequent modification or revocation of an order such as that issued by Magistrate Swartz, leaves unclear the standard of review to be applied in such a proceeding. It is apparent from *United States v. James*, 674 F.2d 886 (11th Cir. 1982), however, that where an original magistrate's release order is subsequently modified or set aside in accordance with the terms of the governing bail statutes, the findings made and conclusions reached by the first magistrate to consider release do not have to be found to be clearly erroneous before any modification to the magistrate's order can be made. Rather the reviewing court (or magistrate, as long as the magistrate's findings are adopted by the reviewing court) may conduct a *de novo* review of the same facts and considerations that impelled the original magistrate's order. *See also United States v. Zuccaro*, 645 F.2d 104 (2d Cir.1981). The order of detention issued by Magistrate Wilson, as reviewed and approved by the district court, thus was clearly authorized by the applicable statutes.

■ Appellant also claims Magistrate Wilson and the district court erroneously applied the law set out in the Bail Reform Act of 1984 to the facts of his case. We find no merit in this contention. Medina claims the government was required to carry its burden of proving the need for pretrial detention in this case by "clear and convincing evidence" of the risk that Medina would not appear for trial. Under the Act, however, the clear and convincing evidence standard applies only to a determination that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(f). *See United States v. Chimurenga*, 760 F.2d 400, 405–06 (2d Cir. 1985). Thus the magistrate properly applied a preponderance of the evidence standard in determining that Medina should be detained pending trial because he posed a high risk of flight. Moreover, the magistrate appropriately took into consideration the statutory presumption in favor of pretrial detention that arose following the magistrate's finding of probable cause, concluding that "the totality of the evidence in this case provides a strong indication that defendant Medina would be a risk to flee, if released on bail." The magistrate's careful consideration of all the relevant facts, including the statutory presumption, was consistent with the language and intent of the statute. *See United States v. Jessup*, 757 F.2d 378, 380–84 (1st Cir.1985).

■ Finally, Medina challenges the constitutionality of the Bail Reform Act of 1984, pursuant to which the order of pretrial detention was issued by Magistrate Wilson and approved by the district court. Medina may only challenge the constitutionality of an act such as the Bail Reform Act of 1984 as it has been applied in his case. *United States v. Raines*, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960). *See also Schall v. Martin*, 467 U.S. 253, 104 S.Ct. 2403, 2412 n. 18, 81 L.Ed.2d 207 (1984). The government's interest in securing the appearance of a defendant at trial is constitutionally sufficient to warrant pretrial detention where necessary to insure that the defendant will not flee the jurisdiction. *Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 1 (1951) ("The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty."). Further, the statutory presumption that pretrial detention is appropriate in Medina's case does not violate his constitutional rights. The pre-

sumption, as applied in Medina's case, arose following a determination by the magistrate that probable cause existed to believe Medina committed the crimes with which he was charged. Such a probable cause determination may be alone sufficient to justify detention pending trial. *See Gerstein v. Pugh*, 420 U.S. 103, 114, 95 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975) (holding, under the Fourth Amendment, that a judicial determination of probable cause is a prerequisite to any extended restraint on the liberty of an adult accused of crime); *Schall v. Martin*, 104 S.Ct. at 2415–16 (applying *Gerstein* to determine due process challenge to juvenile preventive detention statute). Even if such a determination is not alone considered constitutionally sufficient to justify preventive detention in this case, the detention hearing subsequently held by the magistrate incorporated procedural safeguards constitutionally sufficient to guard against any erroneous or unnecessary deprivation of liberty. *See Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). Medina's constitutional challenge is therefore without merit. *See also United States v. Jessup*, 757 F.2d 378, 384–87 (1st Cir.1985).

Appellant's emergency motion for bail pending trial is therefore DENIED.

Appellant shall advise the clerk within ten days of the filing of this opinion whether there is any further issue before the Court in this appeal. Otherwise, the order of the district court on appeal shall stand AFFIRMED.