UNITED STATES of America, Plaintiff,

v.

Alejandro SIERRA & Maria Norha Perez-Zuluaga, Defendants.

No. 85–8115–CR–GONZALEZ.

United States District Court,
S.D. Florida, N.D.

Dec. 4, 1985.

Robert Cornell, Asst. U.S. Atty., Ft. Lauderdale, Fla., for plaintiff.

Stephen J. Golembe, Miami, Fla., for defendant Alejandro Sierra.

Lawrence M. Malman, Coral Gables, Fla., for defendant Perez-Zuluaga.

**ORDER**

GONZALEZ, District Judge.

Defendants Alejandro Sierra a/k/a Alejandro Sierra-Jerez and Maria Norha Perez-Zuluaga were indicted by a grand jury for conspiracy to possess cocaine with the intent to distribute cocaine, in violation of 21 U.S.C. section 846; possession with the intent to distribute cocaine, in violation of 21 U.S.C. section 841(a)(1); and with acting as principals to commit an offense against the United States, in violation of 18 U.S.C. section 2. A bond hearing was held for both defendants before a United States magistrate, and the magistrate entered a written order detailing the reasons why pretrial detention was deemed necessary.

## PROCEDURE

Both defendants have filed separate motions for review of the magistrate's pretrial detention order (sic). Such motions are more properly styled "motion for revocation or amendment of the [magistrate's detention] order." 18 U.S.C. § 3145(b) (1985).

## STANDARD OF REVIEW

[1, 2] Under the Bail Reform Act of 1984, ("Act"), the appropriate standard to be employed by the district court on review of the magistrate's order of pretrial detention is *de novo. United States v. Medina,* 775 F.2d 1398 (11th Cir.1985); *see also United States v. Maull,* 773 F.2d 1479 (8th Cir.1985) (The district court is free to make an independent determination). The method to be employed by the district court involves applying the relevant statutory considerations contained in the Act to the particular facts of each defendant. In making this analysis the district court is free to consider those facts available to the magistrate at the original pretrial detention hearing and any additional facts raised by the parties in their respective motions to amend. *United States v. Smith,* 87 F.R.D. 693, 699 (E.D.Calif.1980).

## DE NOVO REVIEW OF THE MAGISTRATE'S ORDER OF DETENTION

The standard for determining whether pretrial detention shall be ordered is contained in the Act.

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)....

18 U.S.C. § 3142(e) (1985); *see also United States v. Jessup,* 757 F.2d 378, 380 (1st Cir.1985).

A rebuttable presumption is raised if there is probable cause to believe that the defendant(s) committed a certain class of offense. The defendants, Alejandro Sierra and Maria Norha Perez-Zuluaga, were indicted for violations of 21 U.S.C. § 846 and § 841(a)(1). The magistrate found that there was probable cause as to defendant Perez-Zuluaga. Transcript, Part II at 17. The record does not reflect a similar argument by the government as to defendant Sierra. The magistrate, however, made her own determination and found that probable cause existed as to defendant Sierra, as well.

Rebuttal has been offered by defendant Sierra's counsel who denies any connection between defendant Sierra and the crimes for which he is indicted. Counsel for defendant Sierra asserts that the government has failed to connect his client with the cocaine found in the car in which defendant Sierra was sitting. An attempt at rebuttal has also been offered by defendant Perez-Zuluaga who states that "[t]here are no allegations that the defendant made any statements to anyone concerning cocaine or that she knew that cocaine was in the car in which she was a passenger." Motion for Review filed by Defendant Perez-Zuluaga at 5.

After reviewing the testimony of Special Agent William Watson, Jr., given at the detention hearing, and considering the statement of the defendants' in their respective motions to amend, this court finds that probable cause exists to believe that both defendants committed acts in violation of 21 U.S.C. § 801 et seq. Hence, a rebuttable presumption has arisen that "no condition or combination of conditions will reasonably assure the appearance of the person[s] as required and the safety the community...." 18 U.S.C. § 3142(e).

The presumption, having arisen, the burden now shifts to the defendants to offer evidence and argument to rebut the presumption. *Jessup,* 757 F.2d at 380. The additional statutory factors which must now be considered to rebut the presump-

tion or to serve as final justification supporting pretrial detention are as follows:[1]

    (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence and involves a narcotic drug;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person, including

    (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest he was on probation, or parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The court will engage in *de novo* review of these factors with respect to each of the defendants, based on evidence provided to the magistrate, together with the additional information raised by the defendants in their individual motions. The nature of the factors contained in subsection (g) requires that each defendant be given individual consideration.

**1.** Although 18 U.S.C. § 3142(e) could be interpreted as making further inquiry unnecessary (in those cases falling under the rebuttable presumption), by shifting the burden of production to the defendant, this court will nonetheless conduct *de novo* review of the remaining factors contained in subsection (f) to 18 U.S.C. § 3142. *See United States v. Jessup,* 757 F.2d 378 (1st Cir.1985), in which the court determined the type of burden shifting that occurs. The Eleventh Circuit has recently indicated that "a probable cause determination may alone be sufficient to justify detention pending trial." *United States v. Medina,* 775 F.2d 1398 (11th Cir.1985);

## DEFENDANT ALEJANDRO SIERRA

### 1. Factors

**a) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**

■ Defendant Sierra is charged with violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and § 846. Defendant Sierra was found to be in a car which contained three kilograms of cocaine enclosed in a paper bag. Affidavit of Michael P. Wigginton Jr., Government Special Agent. Defendant Sierra has not disputed this allegation.

**b) The weight of the evidence against the person.**

The magistrate did not make such a finding, nor does the record indicate that the government informed the court of its belief as to weight of the evidence. Defendant Sierra's counsel has challenged defendant's detention by arguing that there were no facts produced at the hearing concerning how the cocaine got into the defendant's vehicle or defendant's knowledge concerning the cocaine. Such arguments might prove relevant if the government had the burden at this point. Furthermore, counsel for defendant Sierra misperceives the significance of the presumption which now exists as to his client. The presumption having been raised, it is the defendant's burden to rebut it. At this point the burden no longer rests with the government. *See infra* note 1. Here the defendant has

*see also Gerstein v. Pugh,* 420 U.S. 103, 114, 95 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975).

    The Second Circuit has extended this rationale and has held that it is unnecessary for a magistrate to make an independent finding of probable cause at the detention hearing because the return of an indictment by a grand jury is sufficient to raise the rebuttable presumption against bail for certain offenses. ("[A]n indictment 'fair upon its face' and returned by a properly constituted grand jury conclusively determines the existence of probable cause.") *United States v. Contreras,* 776 F.2d 51, 52 (2d Cir.1985).

provided no basis to rebut the presumption against pretrial release.

### c) The history and characteristics of the person.

Included in this factor are still further variables such as the defendant's "character, physical and mental condition, family ties, employment, community ties, past conduct, history related to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Also included for consideration under this factor is whether the accused is on parole or probation, or on bond for another offense. 18 U.S.C. § 3142(g)(3)(B).

It is with this factor and the additional variables that the defendant Sierra has the most difficulty. Defendant Sierra is an illegal alien. He is a citizen of Colombia. Furthermore, the defendant has family residing in Colombia, although he claims to be afraid to return to Colombia because of political problems. The defendant's only family tie in the United States is a common-law wife (codefendant Perez-Zuluaga). Defendant and his wife claim to have a nine year old daughter who apparently resides in Colombia. More significantly, defendant Sierra has prior arrests for narcotics offenses, both in Colombia and in the United States. There is no information available as to the status of these arrests. The court has not been advised whether the defendant has been tried and convicted or pled, and whether he is on probation or parole for these offenses.

There is some dispute concerning the defendant's financial situation. It appears that although the defendant owns part interest in a family ranch and winery in Colombia, this concern is not currently income producing. The defendant is presently making approximately $1,500.00 a month in mortgage payments on an apartment which he owns in Miami. He is also paying off a car loan. The defendant receives some income, less than $5,000.00 a year, from his common law wife. He is unemployed and claims to be in poor health.

The magistrate found that there was substantial likelihood of flight if the defendant was released.

This court concurs with that finding, based upon its own independent judgment. Counsel for defendant Sierra has not persuaded this court otherwise.

### d) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Defendant Sierra admits to prior arrests for narcotics related offenses in other jurisdictions. Clearly, such behavior places the community at risk. The defendant has failed to carry his burden with respect to this factor.

### 2. Finding As To Whether Pretrial Detention Is Warranted

This court finds, based on the record of the hearing before the magistrate, the additional information raised by counsel in his motion to amend and considering all the factors contained in 18 U.S.C. § 3142(g) as a whole, that there are no conditions of release which will reasonably assure the appearance of the accused at trial and the safety of the community.

■ Counsel for defendant Sierra has argued that certain statements in the pretrial services report are incorrect, are hearsay and that the pretrial services officer did not explain the defendant's *Miranda* rights to him. Subsection (f) to 18 U.S.C. § 3142 states that "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." Hearsay is admissible at pretrial detention hearings. *United States v. Golding,* 742 F.2d 840 (5th Cir.1984).

In making the finding that pretrial detention is warranted, this court has found it unnecessary to consider the statements given to pretrial services and has made its determination on testimony given at the hearing and argument of counsel in his motion.

Accordingly, the finding of the magistrate that pretrial detention of defendant Sierra is warranted is hereby

**AFFIRMED** and defendant Sierra's motion for review (sic) is **DENIED**. The conditions of detention set forth in the magistrate's order of October 17, 1985, shall continue to be in effect.

## DEFENDANT MARIA NORHA PEREZ–ZULUAGA

1. **Factors**

a) **The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**

██ Defendant Perez-Zuluaga is charged with violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and § 846. Defendant Perez-Zuluaga was found in a car which contained three kilograms of cocaine enclosed in a paper bag. Affidavit of Michael P. Wigginton Jr., Government Special Agent. Defendant Perez-Zuluaga has not disputed this allegation.

b) **The weight of the evidence against the accused.**

Defendant Perez-Zuluaga's counsel has challenged the strength of the government's case stating that the case against the defendant is "slim" and that there is no evidence that defendant knew that the cocaine was in the car in which she was a passenger. Again, as with defendant Sierra, the burden at this juncture (once the presumption has arisen), lies with the defendant and not with the government. Accordingly, the defendant has failed to rebut the presumption against pretrial release as to this factor.

c) **The history and characteristics of the person.**

Defendant Perez-Zuluaga testified at the pretrial detention hearing that her occupation is bringing clothes from the United States to Colombia for sale and that she reconditions old cars in Colombia for resale. She is a Colombian national and claims to be in the United States on a visa. She apparently gave her passport to a friend and failed to produce it at her hearing. Defendant Perez-Zuluaga claims to have a common-law husband who lives in the United States. This person is codefendant Sierra, who is an illegal alien. Defendant Perez-Zuluaga was uncertain at the hearing about basic details concerning certain property that she claims to own, such as the name of the bank which holds the mortgage and the name of the person who holds the second mortgage. All of defendant's ties are with Colombia, with the exception that she claims to be the common-law wife of codefendant Sierra. There appears to be significant risk of flight and the magistrate so found. Defendant Perez-Zuluaga has failed to convince this court otherwise.

d) **The nature and seriousness of the danger to any person or the community that would be posed by the person's release.**

Counsel for defendant Perez-Zuluaga claims that the defendant has never been arrested before. While this may be true and while it may also be true that defendant Perez-Zuluaga poses no threat to any person or the community as a whole, this is only one factor to be considered in making a determination of whether pretrial detention is appropriate.

2. **Finding As To Whether Pretrial Detention Is Warranted**

This court finds, based on the record of the hearing before the magistrate, the additional information raised by counsel in his motion to amend and considering all the factors contained in 18 U.S.C. § 3142(g) as a whole, that there are no conditions of release which will reasonably assure the appearance of the accused at trial and the safety of the community.

As with defendant Sierra, counsel for defendant Perez-Zuluaga argued that certain statements given to Pretrial Services are incorrect, are hearsay and were taken

in absence of *Miranda* rights having been explained. Again, subsection (f) to 18 U.S.C. § 3142 states that rules regarding "admissibility of evidence in criminal trials do not apply...." in the setting of the detention hearing. *Golding*, 742 F.2d at 840. However, this court does not find it necessary to rely on any discrepancies between statements given to Pretrial Services and statements made at the hearing, in order to make this finding. Accordingly, the finding of the magistrate that pretrial detention of defendant Perez-Zuluaga is warranted is hereby

**AFFIRMED** and defendant Perez-Zuluaga's motion for review (sic) is **DENIED.** The conditions of detention set forth in the magistrate's order of October 17, 1985, shall continue to be in effect.