UNITED STATES of America,
Plaintiff-Appellee,

v.

Leslie William HINOTE,
Defendant-Appellant.

No. 86–7261.

United States Court of Appeals,
Eleventh Circuit.

April 29, 1986.

James W. May, Gulf Shores, Ala., for defendant-appellant.

J.B. Sessions, U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

BY THE COURT:

 *United States v. Hurtado*, 779 F.2d 1467 (11th Cir.1985) requires that we strictly construe provisions of the Bail Re-

form Act of 1984, 18 U.S.C. § 3141 *et seq.* (the Act). Pursuant to the Act, a rebuttable presumption arises that a defendant presents a danger to a community and thus should be detained pending trial if he is charged with and probable cause exists that he committed

> an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or section 1 of the Act of September 15, 1980 (21 U.S.C. 955a)....

18 U.S.C. § 3142(f)(1)(C). The district court, in concluding that Hinote should be detained pending trial, ruled that such a rebuttable presumption was raised as the combination of the maximum sentences for each charge brought against the defendant exceeded ten years. In light of our holding in *Hurtado*, we cannot construe section 3142(f)(1)(C) to mean anything other than that the maximum sentence for each offense must exceed ten years. Thus the district court's action in adding together the maximum sentences of each of the alleged offenses in order to invoke application of section 3142(f)(1)(C) was improper. The district court's order indicates it relied in part upon the rebuttable presumption provided for by section 3142(f)(1)(C) in ordering the defendant detained. While it appears that the district court considered other facts contemplated by the statute as grounds for pre-trial detention, we cannot know whether pre-trial detention would have been ordered absent the rebuttable presumption. As such, the order of pre-trial detention is vacated and remanded with instructions to hold a de novo hearing to determine whether, absent the rebuttable presumption of section 3142(f)(1)(C), pre-trial detention in this case is authorized under the Act.

VACATED and REMANDED.