**UNITED STATES of America, Plaintiff,**

v.

**John Marshall SIMMONS, Defendant.**

**No. 86–6148–CR.**

United States District Court,
S.D. Florida.

Aug. 22, 1986.

---

Eileen O'Connor, Asst. U.S. Atty., Fort Lauderdale, Fla., for plaintiff.

Donald F. Spain, Coconut Grove, Fla., for John Marshall Simmons.

Stephen Jay Goldstein, Coconut Grove, Fla., for Gregory Scott Guthrie.

Victor Tobin, Fort Lauderdale, Fla., for Thomas J. Salomone.

Alan Scott Miller, Miami, Fla., for Ramon Pino.

PAINE, District Judge.

This cause is before the Court on the Notice of Appeal of Pre-Trial Detention Order (DE 25). In this motion, counsel for SIMMONS moves the Court to reverse the recommendation of the Magistrate and grant the Defendant a reasonable bond pending trial. Counsel points out that the Defendant was charged in a three-count indictment with Conspiracy to Distribute Cocaine, Possession with Intent to Distribute Cocaine and Distribution of Cocaine. On July 16, 1986, the Magistrate conducted a pre-trial detention hearing in which the Defendant presented witnesses. The Magistrate granted the Government's request for pre-trial detention pursuant to 18 U.S.C. § 3142(f). Counsel sets forth in detail the Defendant's extensive ties to the community, his lack of any prior arrest record and his family's willingness to post assets and agree to any set of conditions for his release pending trial. Counsel argues that the Government asked the Magistrate for pre-trial detention as a punitive measure in retaliation for SIMMONS refusal to cooperate in their investigation.

In a recent Order styled *United States of America v. Alejandro Sierra and Maria Norha Perez-Zuluaga,* 622 F.Supp. 1034 (S.D.Fla.1985), Judge Gonzalez set forth the standard of review of motions of this type and the statutory factors to be considered by the District Judge. We adopt and follow that Order in deciding this motion and have attached a copy of it for counsels' review.

■ A rebuttable presumption is raised if there is probable cause to believe that the Defendant committed a certain class of offense. The Defendant is charged with conspiracy to possess with intent to distribute approximately 11 kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count II charges SIMMONS with knowingly and intentionally possessing with intent to distribute cocaine in a quantity of at least one kilogram. Count III charges the Defendant with knowingly and intentionally distributing cocaine, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Counsel does not dispute the Magistrate's finding of probable cause. There was ample testimony at the pre-trial detention hearing which showed that the Defendant engaged in a narcotics transaction with a confidential informant who was

wearing a transmitting device. He was surveilled by several other agents who observed him carrying shopping bags into the house where the transaction was to take place. He was later arrested in the house following his meeting with the CI, and where the agents recovered 11 kilograms of white powder that field-tested positive for cocaine. (See Detention Order, Case No. 4239–SNOW, July 17, 1986) Neither the Magistrate, nor Counsel, cite any testimony rebutting the above allegations. Thus this Court finds that the Magistrate's determination of probable cause is uncontested.

The rebuttable presumption has arisen that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community...." 18 U.S.C. § 3142(e). We must now consider the Defendant's evidence in light of the statutory factors. First, this is a offense involving a quantity of cocaine, a narcotic. Second, the weight of the evidence against SIMMONS is substantial according to the Magistrate, and we find no evidence to refute that conclusion.

The Magistrate's consideration of the third and fourth factors form the basis of the Defendant's appeal. 18 U.S.C. § 3142(g) requires the Court to consider:

(3) the history and characteristics of the person, including—

(A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release....

The Defendant brought in his parents to testify that they would put up everything they had on his behalf to assure his appearance in Court as required. We note, especially, that the Defendant was awarded custody of his seven year old daughter in a divorce proceeding in 1984 and that he lives with and cares for the child. We note that the Defendant has no prior arrest record and that his counsel states that he graduated from Miami Dade Cum Laude. SIMMONS was employed by the Keyes company as a realtor for the nine months prior to these events after successfully passing his real estate examination. The Magistrate found that the Defendant has substantial ties to the community. We agree.

However, the Magistrate also determined that this Defendant presents a danger to the community. (Detention Order, ¶ 4). The Magistrate found that the Government had shown by clear and convincing evidence that the Defendant acted as a broker for a 20–kilogram cocaine transaction, and was in constructive possession of 11 kilograms of cocaine. In addition, according to the Magistrate, "there is a strong likelihood that in the past few weeks the defendant has been involved in two other cocaine transactions, as a result of which 12 or 14 kilograms have been seized." (Detention Order, ¶ 4).

Counsel for the Defendant argues that that portion of the statute which provides for pre-trial incarceration based solely on dangerousness may be unconstitutional. Counsel points out the case of *United States v. Melendez-Carrion*, 790 F.2d 984 (2d Cir 1986), which held that the Constitution does not permit the detention of an adult accused of a crime for the purpose of preventing him from committing other crimes during the interval between his arrest and his trial. However, the third judge on the panel, Senior Circuit Judge Timbers, strongly dissented by saying, "Congress intended the Act to apply to this type of case involving very serious offenses and involving defendants whose pre-

dictable future criminal conduct cannot be held in check by imposing conditions on Pre-trial release." *Id.* at 1010. Judge Timbers found no constitutional infirmity whatsoever in applying the Bail Reform Act to detain defendants prior to trial about whom no conditions of release can reasonably assure the safety of the community or other persons. *Id.* at 1009–1015. The defendants in that case had known terrorist connections. The Supreme Court has not yet addressed this issue and we are not bound by the Second Circuit's opinion.

■ In *United States v. Dominguez*, 629 F.Supp. 701 (N.D.Ind.1986), a case in which the defendants were accused of narcotics trafficking, the Seventh Circuit vacated the District Court's finding of dangerousness, holding that a conclusive presumption of dangerousness was improper and that the statutory presumption of dangerousness had been preliminarily rebutted. The case was remanded for further findings by the District Judge. The District Judge then reviewed the legislative history of the Bail Reform Act of 1984. He found that the Senate Report indicated that:

> Federal bail laws must address the alarming problem of crimes committed by persons on release and must give the courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released....

*Id.* at 703, *citing,* 1984 U.S.Code Cong. & Admin.News 3182, 3185–3186. The District Judge wrote that the Senate Report further stated that persons charged with major drug felonies "pose a significant risk of pretrial recidivism." *Dominguez,* at 705. Nevertheless, the Seventh Circuit, in its remand order, had indicated that evidence of economic and social stability coupled with the absence of any relevant criminal record was sufficient to meet the presumption of dangerousness based on the sole factor that a drug trafficking indictment had been filed. Further, that the fact that such an indictment is present is just another factor to be weighed along with all

the others under 18 U.S.C. § 3142(g). *Id.* at 706.

In comparing our case with *Dominguez,* none of the factors that pursuaded the District Judge on remand to continue holding his defendants is present. The Government has not brought forth evidence that our Defendant possessed weapons, made threats against the agents or any other person, or that he is a member of a widespread and sophisticated drug network. Therefore, we shall set the following conditions to assure the appearance of the Defendant as required and the safety of the community.

1. The Defendant shall post a $100,-000.00 corporate surety bond.
2. The Defendant shall report daily to Pre-trial Services.
3. The Defendant shall submit to random urinalyses at the direction of Pre-trial Services.
4. The Defendant's travel is restricted to the Southern District of Florida.
5. The Defendant shall give up any passport which he holds to Pre-trial Services.
6. The Defendant shall have no contact with any person with whom he has been involved or is accused of being involved with drug use or drug trafficking.

Let us caution the Defendant that upon any violation of the above conditions or at the direction of the Pre-trial Services Officer or upon motion by the Government, the Defendant may find himself once again incarcerated.

We find that the record thus made is sufficient to support a conclusion that this Defendant has rebutted the presumption of detention. We decline to have another hearing on this matter in that we anticipate that only more testimony will be produced to bolster each side's position as already stated.