**UNITED STATES of America, Plaintiff,**

v.

**Ruy MARTINEZ, et al., Defendants.**

**No. 86–415–Cr.**

United States District Court, S.D. Florida, Miami Division.

Feb. 9, 1988.

Leon Kellner, U.S. Atty., Richard Harris, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Jane Weintraub, Miami, Fla., for defendant Ruy Martinez.

## MEMORANDUM OPINION

SCOTT, District Judge.

Defendant Ruy Martinez moves the Court for revocation of the pre-trial detention order entered on October 27, 1986 pursuant to 18 U.S.C. § 3145(b). The present motion is not the first effort by Martinez to obtain release. His detention has been a much litigated issue, both in this Court and the Eleventh Circuit Court of Appeal. Previous efforts to obtain release have been unsuccessful. Nonetheless, in light of the trial delays and continued incarceration, we provided Defendant's new counsel yet another opportunity to convince us that the detention order should be vacated and reasonable conditions of release imposed.

### I.

The Court is intimately familiar with this matter and in particular, Mr. Martinez. This multi-defendant cocaine conspiracy involving baggage handlers at Eastern Airlines has produced many hearings and much debate. There are approximately twenty defendants. Our efforts to get this case to trial have been, to say the least, frustrating. Continuances have resulted from government delays due to discovery difficulties in obtaining Eastern records, as well as scheduling problems due to multiple counsel. However, we now have a *firm* June, 1988 trial date which the Court intends to keep. All counsel have been so advised.

At the most recent hearings,[1] Martinez offered additional evidence concerning his ties to the community. He presented various friends and family members who offered their moral support and pledged property. Those proffering this evidence included his daughter, son, mother, nephew and niece and various family friends. While the collateral pledged by his family and friends is small in dollar amount, it is high in personal value as it represents their total assets. The Court is not unmoved. Yet, notwithstanding this display of love, we must assess the issue with objective scrutiny in light of the criteria and mandate of the Bail Reform Act of 1984, 18 U.S.C. 3141, *et seq.*

### II.

Ruy Martinez is charged by indictment with violation of Title 21 U.S.C. § 952(c) and § 960(a)(1); Title 21 U.S.C. § 841(a)(1), Title 18 U.S.C. § 2 and Title 21 U.S.C. § 848. The indictment on its face establishes probable cause to believe the Defendant committed the offenses charged and triggers the presumption that the Defendant constitutes a risk of flight.[2] Here, the Government has established through the presumption and independent evidence that probable cause exists and the crimes charged include a maximum term of imprisonment of ten years or more as prescribed in the Controlled Substance Act. *See* 18 U.S.C. 3142(f); *United States v. Hinote,* 789 F.2d 1490 (11th Cir.1986). The burden of production (not persuasion) now shifts to the Defendant.

The Defendant principally argues that he already has been detained for over fourteen months, and because the trial has now been reset until June, 1988, the Defendant's pre-trial incarceration will total nearly twenty months before the matter reaches conclusion. The Defendant has not to date raised a constitutional claim based on the length of detention but instead argues it as a factor militating towards release. 18

---

1. The Court conducted two hearings on the most recent motions by Martinez (January 5, 1988 and January 8, 1988).

2. Notwithstanding the serious narcotics charges, we have previously rejected the contention that Martinez is a danger to others or to the community, as this term is contemplated by the statutes. *See United States v. Williams,* 753 F.2d 329 (4th Cir.1985).

U.S.C. § 3142(g). Additionally, the Defendant cites eight other factors, including his ties to the community, prior delays based upon the Government's failure to produce discovery and "the status of similarly situated defendants who have already obtained release." *See Defendant's Supplemental Motion,* pp. 7–8.

### III.

In analyzing these contentions, we are constrained to observe that Martinez is not similarly situated with the other Defendants. At the time of his arrest in this case, he was already under federal sentence for conspiring to defraud the United States Customs Service by seeking confidential law enforcement information and bribing a United States Customs Investigator to obtain such information. He was sentenced to a five-year term. Martinez is alleged to be one of the moving forces in the conspiracy and is charged with the most serious of crimes, including continuing criminal enterprises. 21 U.S.C. § 848. It appears that the Government's proof against Martinez is much stronger than against the other Defendants. Proof includes documents as well as financial expenditures. Martinez has ties in Colombia where his wife resides notwithstanding Defendant's present contention that his relationship is totally strained. At the latest hearing, the Government offered evidence linking the Defendant to Swiss bank accounts through family members.[3] (January 5, 1988.)

### IV.

Now with all this said, we agree that much of what Martinez says has merit. His counsel presents a tempting argument for release, certainly better than on previous occasions when we have considered this issue. However, we still conclude that (a) the Government has met its burden of proof that the Defendant Ruy Martinez is a flight risk; and (b) no conditions [4] or combination of conditions can assure his presence at trial. *United States v. Medina,* 775 F.2d 1398, 1402 (11th Cir.1985).

While the length of his pre-trial detention represents a significant period, the Defendant was incarcerated under a previous sentence for eight months of this time. Under the circumstances of this case, the length of his detention through June is not an unconstitutional detention. *See United States v. Melendez–Carrion,* 820 F.2d 56, 59–60 (2d Cir.1987). (The Second Circuit rejected a contention that a nineteen-month detention was a *per se* violation of due process rights. "We reject their attempt to set a 'bright line' limit for detention pending trial."); *United States v. Gonzales Claudio,* 806 F.2d 334, 343 (2d Cir.1986) (The Second Circuit articulated three factors in assessing whether a defendant's pre-trial detention exceeds due process considerations.) [5] In considering the applicable law, however, we also conclude that if this case is delayed beyond June for any reason attributable to the Government, the Court will grant release to Martinez. At that point, we believe that the line will be crossed. Therefore, if we reach that juncture, the Court will entertain an appropriate motion for release. In conclusion, we find that this decision conforms with both the intent of the Bail Reform Act as well as the due process requirements of law.

### V.

Wherefore, the Motion for Revocation of Pre–Trial Detention is denied, without prejudice to renew.

---

**3.** We completely reject as unsubstantiated the Government's other proffer concerning obstruction of justice. There is no competent evidence that Martinez had any involvement in the scheme, notwithstanding the fact that his name may have been mentioned. (Hearing January 5, 1988 and January 8, 1988.)

**4.** We have considered many alternative conditions of release in reaching this negative conclu-

sion as to Mr. Martinez. *See United States v. Knight,* 636 F.Supp. 1462, 1468–1469 (S.D.Fla. 1986).

**5.** The three factors include the length of the detention, the extent to which the prosecution bears responsibility for delay and the facts concerning the risk of flight. *Gonzales Claudio,* 806 F.2d at 340.