UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 01-4537

TERRY W. STEWART,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-01-11)

Submitted: August 15, 2001

Decided: September 6, 2001

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Terry W. Stewart, Appellant Pro Se. B. Frederic Williams, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Terry W. Stewart appeals the district court's denial of release pending trial. Stewart was indicted for participating in a fifty-six million dollar Ponzi scheme. He was charged with multiple counts of conspiracy and mail and wire fraud, money laundering conspiracy, and multiple money laundering transactions. It is alleged that Stewart provided sham trusts to hide the involvement of the operators and investors in the Ponzi scheme from governmental oversight, including the IRS. Stewart also taught seminars on how participants can hide themselves and their assets from disgruntled spouses or business partners.

A hearing was held before a magistrate judge in the Western District of North Carolina, on June 21, 2001. The magistrate judge released Stewart on bond and electronic monitoring, imposing other various conditions. Stewart was thereby released. On June 26, 2001, the Government filed a motion for review of the magistrate judge's release order pursuant to 18 U.S.C. § 3145(a). A hearing was subsequently held on July 2, 2001. Stewart proceeded pro se at both hearings. At the July hearing, the district court heard argument from both parties, reviewed transcripts from other relevant hearings, and received testimonial and documentary evidence. Based on its review, the district court concluded that Stewart posed a substantial risk of flight, and accordingly revoked Stewart's release on bond. Stewart now appeals the district court's order entered to this effect.

On appeal, Stewart claims that the July 2, 2001, hearing held by the district court did not comport with 18 U.S.C. § 3142, of the Bail Reform Act. Specifically, Stewart asserts that the court ignored the statutory criteria for bail pending trial and instead allowed the Government to conduct a mini-trial of his guilt based on speculation. He further claims that the district court judge harbored a bias against him because Stewart had a career in the military.

This appeal is governed by Fed. R. App. P. 9, which provides that the district court must state in writing or orally on the record the reasons for an order regarding a criminal defendant's detention. Furthermore, the district court must make its decision regarding release in

accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, and 3145(c). The court of appeals is instructed to promptly determine the appeal on the basis of the papers, affidavits, and parts of the record that the parties present or the court requires.

When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release. *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992). On appeal, the question becomes whether the evidence as a whole supports the conclusions of the proceedings below. *United States v. Trosper*, 809 F.2d 1107, 1111 (5th Cir. 1987). The standard of review for pretrial detention orders under 18 U.S.C. § 3145(c) is one of independent review, with "deference to the determination of the district court." *United States v. O'Brien*, 895 F.2d 810, 814 (1st Cir. 1990); *see also United States v. Tortora*, 922 F.2d 880, 882-83 (1st Cir. 1990) (noting that this standard cedes particular respect to the lower court's factual determinations).

Section 18 U.S.C. § 3142(e) of the Bail Reform Act, which governs release or detention pending trial, dictates that if, after holding a hearing, the court finds that no "condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community," such court shall order the detention of the person before trial. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required. *Reuben*, 974 F.2d at 586. With regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings. *United States v.*

*Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *see also United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985) (noting that, under the Act, the clear and convincing evidence standard applies only to a determination that "no condition or combination of conditions will reasonably assure the safety of any other person and the community").

In this case, at the conclusion of the hearing, the court stated that after hearing all the evidence presented and the totality of the circumstances, it concluded that Stewart posed a substantial flight risk. Cognizant of its duty to report its consideration of the various factors, in its order the court listed the following reasons for its conclusion: (1) of the fifty-six million dollars allegedly obtained through the Ponzi scheme, only five million had been recovered; (2) a portion of the unrecovered assets surreptitiously obtained through the Ponzi scheme allegedly was transferred to offshore banks; (3) Stewart is familiar with and currently maintains at least one offshore bank account; (4) consistent with the allegations in the indictment that the Defendants used gold coins to launder the proceeds of the Ponzi scheme, approximately one hundred thousand dollars in currency, largely in gold coins, was recovered from the residence; (5) Stewart frequently used an alias when traveling; (6) Stewart is allegedly one of three principal actors in the Ponzi scheme; and (7) the other two principal actors in the Ponzi scheme (neither of whom was granted bond) have entered into plea agreements with the Government and are providing assistance in the prosecution of this case.

After reviewing the relevant materials, we conclude that the district court complied with the terms of the Bail Reform Act by considering the relevant factors and including its written findings of fact and a written statement for the reasons for the detention. Hence, Stewart's argument is without merit. We further find that the district court's conclusion that Stewart posed a risk of flight is supported by a preponderance of the evidence. Given Stewart's use of aliases in the past and his extensive knowledge of ways to evade the Government, it is not likely that any condition or combination of conditions would reasonably assure his appearance. As to Stewart's allegation of the district court judge's bias against military career individuals, the assertion is conclusory and wholly unsupported.

Accordingly, we affirm the district court's order revoking Stewart's release. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*