UNITED STATES of America

v.

**Lon Eric BROOKS.**

**No. 3:03CR60–MCK.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

March 4, 2004.

Robert J. Gleason, U.S. Attorney, Charlotte, NC, for United States.

Richard Deke Falls, Barnett and Falls, Charlotte, NC, for defendant.

## ORDER

McKNIGHT, District Judge.

**THIS MATTER** is before the undersigned on the government's notice of appeal and motion for revocation of Magistrate's order filed on March 4, 2004. [Doc. 30]

### I. Factual and Procedural Background

The Defendant in this case was originally charged with violating 18 U.S.C. § 922(g) for possession of a firearm and ammunition by a convicted felon. The Defendant entered a guilty plea to possession of the ammunition at a Plea and Rule 11 hearing held on March 1, 2004. The Defendant did not plead guilty to the gun charge.[1]

---

1. The Defendant contends that upon the advice of his former attorney, he had given his guns away to family members but mistakenly believed that it was okay to keep the ammunition.

The Defendant had initially been ordered detained at a hearing held on June 19, 2003, by Magistrate Horn. On March 4, 2004, several days after the Defendant entered his guilty plea, a bond review hearing was held. At this time, Judge Horn ordered that the Defendant be released on a $25,000 unsecured bond with standard conditions of release. The government filed a notice of appeal later that same day.

The government contends that the Defendant should not have been released for several reasons. In particular, the government contends that as a threshold matter there are no changed circumstances which warrant a bond review. The government also contends that this is a presumption case for detention which the Defendant has failed to overcome by clear and convincing evidence. Finally, the government contends that given the nature and circumstances of the offense, the weight of the evidence against the Defendant, the Defendant's history and characteristics, and the nature and seriousness of the Defendant's danger to the community, the Defendant should remain detained.

## II. Standard of Review

■ "When the district court acts on a motion to revoke or amend a magistrate judge's pretrial release order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart,* 19 Fed.Appx. 46, 48, 2001 WL 1020779 (4th Cir.2001) citing *United States v. Rueben,* 974 F.2d 580, 585–86 (5th Cir.1992). Thus, the Court has reviewed the record in this case, including an audiotaped recording of the bond review hearing held before the Magistrate, and has made its own determination as to whether or not the Defendant should have been released.

## III. Analysis

As an initial matter, the Court notes that there are numerous changed circumstances which warrant a review of detention in this case. In particular, the Defendant has now entered into a plea agreement in which he is pleading guilty to the possession of ammunition charge only. Although the Defendant may not escape serving prison time, he has greatly reduced his exposure in this matter since he is no longer facing the gun charge. He obviously has a large incentive not to violate his terms of release and lose his agreement with the government.

■ In addition, the Defendant, who has been diagnosed as a paranoid schizophrenic, has addressed his mental health issues and there has been a substantial change in his mental condition. He is currently under the care of a medical doctor and is taking medications, including Haldol, for his condition. By all accounts, his current medications have rendered him much more coherent and lucid. According to his family and to Magistrate Horn who observed him in court, he is also much calmer and more rational.

Finally, whereas it has not appeared in the past that the Defendant has had the support of his family, it is clear that the Defendant now has their support. Several members of his family appeared at the hearing, spoke on his behalf, and agreed to take responsibility for the Defendant in the event of his release. They even agreed to co-sign his bond. This constitutes another change in the Defendant's circumstances.

In light of all of the changed circumstances referenced above, the Court finds by clear and convincing evidence that the Defendant is not a danger to the communi-

ty and does not present a flight risk. The Court further finds that the Defendant can be safely released to his family, and that it would be appropriate to do so on a $25,000 unsecured bond with standard conditions of release.

 In so holding, the Court notes that the government contends that this is a case in which there is a presumption of detention pursuant to 18 U.S.C. § 3142(f)(1)(D). In particular, the Defendant has two 1990 convictions in North Carolina for sale of cocaine which, at that time, was a Class H Felony and punishable by a maximum sentence of ten years.

The Court notes however, that under the statute detention is not automatic. Rather, there is simply a rebuttable presumption that detention is warranted. Here, for the reasons stated above, the presumption has been overcome by clear and convincing evidence.

## IV. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** the government's appeal and motion for revocation of the Magistrate's order of release be **denied**.