# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2021

No. 20-40768
Summary Calendar

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Santo Leone,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-962-1

Before Smith, Stewart, and Graves, *Circuit Judges.*

Per Curiam:*

Santo Leone, federal prisoner # 27152-379, was convicted of one charge of conspiring to possess at least 1,000 kilograms of marijuana with intent to distribute and was sentenced, due to his prior felony drug conviction, to serve the enhanced statutory minimum of 240 months in

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40768

prison and a 10-year term of supervised release. Now, he appeals the district court's denial of his motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Because he presents no arguments related to the district court's conclusion that he should not receive § 3582(c)(1)(A)(i) relief based on his increased risk for COVID-19, he has abandoned any challenges he may have had to this ruling. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because the issue whether he exhausted his administrative rights is not jurisdictional, we pretermit it. *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020).

This court reviews a district court's decision denying compassionate release under § 3582(c)(1)(A) for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion when its decision is grounded in a legal error or clearly erroneous facts. *Id.*

Leone has not met this standard. He shows no legal error in the district court's conclusions that his various arguments concerning his sentence failed to raise an extraordinary and compelling reason warranting relief. *See id.*; *see also* § 3582(c)(1)(A)(i). Additionally, because the district court concluded there were no extraordinary and compelling reasons meriting relief, there was no need for it to consider the § 3553(a) factors. *See* § 3582(c)(1)(A). Finally, insofar as he argues that this court should order a full resentencing, this is inappropriate. *See United States v. Golding*, 742 F.2d 840, 841 (5th Cir. 1984). Leone's motion for appointed counsel is DENIED, and the judgment of the district court is AFFIRMED.