**UNITED STATES of America**

v.

**Alex Thomas DUMOT.**

**Magistrate's No. 86–104M.**

United States District Court,
W.D. Pennsylvania.

May 21, 1986.

Bruce J. Teitelbaum, Asst. U.S. Atty., Pittsburgh, Pa., for U.S.

Gary B. Zimmerman, Pittsburgh, Pa., for defendant.

MEMORANDUM ORDER

GERALD J. WEBER, District Judge.

Defendant was arrested on May 9, 1986 on Complaint and Warrant for narcotic violation. A preliminary hearing and a hearing on a detention motion was held on May 9, 1986 before the United States Magistrate and continued on May 12, 1986. On May 13, 1986, the Magistrate ordered defendant detained. A Motion to Review Detention Order was filed and a hearing was held thereon on May 15, 1986. This court heard the FBI case officer, received the case officer's affidavit, and heard the offer of proof

of defense counsel. The transcript of the Magistrate's hearing of May 9 and 12, 1986 was received by the court thereafter. The defendant had testified before the Magistrate.

The United States does not contend that the defendant is likely to flee and avoid future court appearances. Rather it contends that the presumption of 18 U.S.C. 3142(e) (second par.) applies to the effect that the safety of the community is endangered because there is probable cause to believe that the defendant has committed a major drug offense.

Defendant's counsel admits that the Government has satisfied the probable cause requirement by its evidence of several narcotics transactions, both by direct purchases from defendant by a government agent, and by information from a reliable informant, as well as evidence seized in a search of his business premises.

The critical evidence relied on by the Magistrate was the evidence offered by the Government that defendant had been engaged in narcotics dealings over a period of 15 years. It also appeared that defendant had been involved in the supply of increasing quantities shortly before his arrest.

Defendant argued that there is no evidence that defendant has dealt in narcotics since the search of his premises in December, 1985. Of course, the defendant immediately thereafter consulted counsel, who conferred with the United States Attorney, and was aware that investigation was underway, and prosecution likely. There is also evidence of his transfer of his business premises, where his operation was centered, shortly after the search.

The Government presented no evidence of a prior criminal record.

The Government argues that the principal efforts of defendant before his arrest were devoted to his increasing drug business to the detriment of his legitimate business of operating a restaurant whose revenues were declining at the time because of lack of managerial attention. He has no present source of earnings and intends to take up employment as a commission salesman. Facing the lack of legitimate income, the temptation to continue to engage in narcotics dealing will be strong.

The Government also calls our attention to the fact that a co-conspirator who was independently charged, whose source of supply was defendant, and whose purchases from defendant were covered by government surveillance, gave a statement to the Government at the time of his arrest, but stated at the time of his entry of a guilty plea that he wanted not to testify or provide information as to his source of supply because he was too afraid for his family. He did not indicate anyone, including the defendant, as the source of his fear.

We, therefore, find that defendant's offense involving dealings in narcotics; that there is substantial evidence of his involvement; that there is evidence that defendant has been dealing in narcotics for over 15 years; that defendant's narcotics dealings evidence transactions in increasingly larger quantities before his arrest; and that his release pending trial would pose a danger to the community of his continued dealings in narcotics and possible interference with ongoing narcotics investigations by the Government.

We find that the defendant has failed to overcome the presumption that his release would pose a continuing danger to the community.

Now, this 21st day of May, 1986 it is Ordered that defendant continue to be detained until trial.