**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frances KING, Defendant–Appellant.**

No. 88–5047
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 21, 1988.

Paul A. McKenna, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

HATCHETT, Circuit Judge:

Appellant, Frances King, appeals the district court's pretrial detention order issued pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* We affirm in part and remand.

## FACTS

On November 19, 1987, a federal grand jury in the Southern District of Florida returned a multiple count indictment, charging appellant, Frances King, with conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848, and several counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). On November 20, 1987, the government moved for pretrial detention of King.

On that same day, a United States Magistrate conducted a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f).[1] Following the detention hearing, the magistrate ordered King's pretrial detention, finding that she was both a risk of flight and a danger to the community. *See* 18 U.S.C. § 3142(e). Thereafter, on December 4, 1987, King filed a motion to amend or revoke the magistrate's pre-trial detention order. After conducting an evidentiary hearing, the district court entered an order on December 30, 1987, denying King's motion for revocation or amendment of the magistrate's pretrial detention order and ordering pretrial detention. The district

---

**1.** Title 18 U.S.C. § 3142(f) provides, in relevant part, that:

The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person in the community.... At the hearing, the person has the right to be represented by counsel, and, if financially unable to obtain adequate representation, to have counsel appointed. The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence.

18 U.S.C. § 3142(f).

court's order did not provide written findings of fact, contain a statement of reasons supporting pretrial detention, or expressly adopt the magistrate's pretrial detention order.

On appeal, King urges that we reverse the district court's order on the grounds that: (1) the magistrate erroneously interpreted the "dangerousness" prong of the pretrial detention statute; and (2) the district court erred by failing to comply with the dictates of *United States v. Hurtado*, 779 F.2d 1467 (11th Cir.1985) which requires an independent review of the magistrate's pretrial detention order, and the entry of written findings and written reasons supporting its decision.

## DISCUSSION

In *United States v. Hurtado*, 779 F.2d 1467 (11th Cir.1985), a case in which this circuit rendered its first interpretation of the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, we held that cases arising under the Act "present[] mixed questions of law and fact to be accorded plenary review on appeal." *Hurtado*, 779 F.2d at 1471–72. *Accord United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir.1985); *United States v. Bayko*, 774 F.2d 516, 519–20 (1st Cir.1985); *United States v. Delker*, 757 F.2d 1390, 1399–1400 (3d Cir.1985). Nonetheless, we cautioned that we will not disturb the district court's purely factual findings unless such findings are clearly erroneous. *Hurtado*, 779 F.2d at 1472; *United States v. Gaviria*, 828 F.2d 667, 668 (11th Cir.1987).

### I.

King first contends that the magistrate erroneously construed the "dangerousness" prong of the pretrial detention statute. The "dangerousness" prong to which King refers emanates from section 3142(e) of the Bail Reform Act which provides that a judicial officer shall order detention if he

> finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community....

18 U.S.C. § 3142(e).[2] Section 3142(e) accords the judicial officer substantial latitude in determining whether pretrial detention is appropriate. In addition, the Act creates several "rebuttable presumptions" which the judicial officer must use in determining whether pretrial detention is necessary under the standard set forth in section 3142(e). One such presumption states that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is *probable cause* to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)....

18 U.S.C. § 3142(e) (emphasis added).

█ In *Hurtado*, we observed that in order to trigger section 3142(e)'s rebuttable

---

**2.** The term "dangerousness," as used in the Bail Reform Act of 1984, has a much broader construction than might be commonly understood in everyday parlance. The report of the Senate Judiciary Committee is particularly instructive in delineating the types of conduct which Congress viewed as dangerous:

> The concept of defendant dangerousness is described throughout this chapter by the term 'safety of any other person or the community.' The reference to safety of any other person is intended to cover the situation in which the safety of a particular identifiable individual, perhaps a victim or witness, is of concern, while the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to

the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence. This principle was recently endorsed in *United States v. Provenzano and Andretta* [605 F.2d 85 (3rd Cir.1979)], in which it was held that the concept of 'danger' as used in current 18 U.S.C. 3148 extended to non-physical harms such as corrupting a union. The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'

*Report of the Senate Committee on the Judiciary*, S.Rep. No. 98–225, 98th Cong., 2d Sess. (1984) U.S.Code Cong. & Admin.News 3182, 3195–96.

presumption, the government need not make a showing of probable cause independent of the grand jury's indictment. *Hurtado,* 779 F.2d at 1479. As noted in the magistrate's order, King is charged with, among other things, several counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). King is therefore charged with offenses involving a narcotic drug punishable by more than ten years imprisonment under the Controlled Substances Act, 21 U.S.C. § 801 *et seq. See also* 18 U.S.C. § 3142(e); 18 U.S.C. § 3142(g)(4). Accordingly, we conclude that the magistrate properly found that the circumstances of this case create a rebuttable presumption of flight under the terms of section 3142(e). We note, however, that this statutory presumption imposes only the burden of production on King and does not shift the burden of persuasion concerning risk of flight and dangerousness. *Hurtado,* 779 F.2d at 1478; *Jessup,* 757 F.2d 378 at 381–84 (1st Cir.1985).

■ Applying these principles, we agree with the district court that detention is proper because no condition or set of conditions will reasonably assure the safety of the community. King is alleged to be the leader of a high volume and extremely profitable cocaine distribution scheme which delivered multi-kilogram quantities of cocaine between various points in the southeastern United States. The strength of the government's case is further buttressed by testimony of an agent of the Drug Enforcement Administration, as well as photographs, bank records, telephone tolls, and other documents which show that King was responsible for directing several drug couriers who participated in the distribution scheme.

Although King came forward with evidence concerning the dangerousness issue, this evidence is insufficient to overcome the fact that the government has established by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(f) (requiring that a finding pursuant to section 3142(e) that no condition or combination of conditions will reasonably assure the safety of the community be supported by clear and convincing evidence). Even had King presented sufficient evidence to rebut the statutory presumption that she would flee or endanger the safety of the community if released, the effect of the presumption would not have been completely eliminated. As our sister court of appeals noted in *United States v. Portes,* 786 F.2d 758 (7th Cir. 1985), use of the word "rebut" in this context is somewhat of a misnomer " 'because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relevant to factors listed in section 3142(g).' " *Portes,* 786 F.2d at 764 (quoting *United States v. Dominiquez,* 783 F.2d 702, 707 (7th Cir.1986)).

Although this circuit has not directly addressed the question, it has been held "that a finding of either danger to the community *or* risk of flight will be sufficient to detain the defendant pending trial." *Portes,* 786 F.2d at 765 (emphasis added) (citing *United States v. Daniels,* 772 F.2d 382, 383 (7th Cir.1985)); *see also United States v. Rodriguez,* 803 F.2d 1102, 1103 (11th Cir.1986) (holding that pretrial detention because of the potential dangerousness of the accused is constitutional). Consequently, we could affirm the district court's finding that pretrial detention is necessary based on King's potential dangerousness to the community. Because King raises challenges with respect to the district court's and magistrate's findings that she imposes a risk of flight, we address that issue as well.

As with the dangerousness issue, when seeking pretrial detention of a detainee, the government may utilize the statutory presumption found in section 3142(e) that those charged with narcotics offenses often pose an especially high risk of flight. During the hearing before the magistrate, King presented evidence which established her awareness of the imminence of the grand jury's indictment six months prior to the time the indictment was actually returned. Therefore, King argues, the fact that she chose to retain counsel to contest

the charges rather than flee the jurisdiction manifests her true intent with respect to flight. In addition, King argues that community witnesses and family members all testified that she is stable and unlikely to flee. This testimony buttresses her contention that the magistrate and district court erred by finding that she poses a risk of flight.

█ In response, the government argues that King has a tremendous incentive to flee in light of the fact that she faces numerous minimum mandatory ten-year sentences and is aware of damaging evidence against her, including a taped conversation. The government further argues that King has substantial drug connections outside the United States, that her home is in forfeiture, and that King presumably has the funds to finance flight. This evidence, the government argues, coupled with the statutory presumption that drug offenders pose special risks of flight, is more than adequate to support the magistrate's and district court's decisions that pretrial detention is necessary to assure King's presence at trial. We agree.

Although King came forward with some evidence to show that she was not inclined to flee, this evidence is not sufficient to overcome the statutory presumption and other evidence adduced at the hearings. Accordingly, we hold that the government established by a preponderance of the evidence that no condition or set of conditions will reasonably assure King's presence at trial. *See United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir.1985) (holding that government's burden of proof on the question of risk of flight is governed by the preponderance of the evidence standard); *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir.1985) (same); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (same).[3]

## II.

Relying upon *United States v. Hurtado*, 779 F.2d 1467 (11th Cir.1985), King also argues that this case should be remanded because the district court failed to provide written findings of fact and a statement of reasons for its pre-trial detention order. The government responds that a limited remand is appropriate if we hold that the district court's order is infirm under the standards enunciated in *Hurtado*. This remand, the government argues, should be for the sole purpose of permitting the district court to articulate its findings and reasons for the pretrial detention order.

In *Hurtado*, we held that when a detainee files a motion to revoke or amend a magistrate's pretrial detention order, "the district court must undertake an *independent* review of the case, enter its own findings in writing, and set forth the reasons supporting its decision, making provisions as set forth in subsection [18 U.S.C. § 3142](i)(1)–(4)." *Hurtado*, 779 F.2d at 1480. We reached this decision by interpreting the term "judicial officer," as used in 18 U.S.C. § 3142(i), to refer not only to the magistrate at the initial detention hearing, but also to the district court judge upon review of the magistrate's order.[4] The *Hurtado* court did not, however, reach the issue presented by this case—i.e., under what circumstances may a district court judge satisfy the obligation to enter written findings and a statement of reasons supporting pretrial detention by adopting the order of the magistrate.

In *United States v. Gaviria*, 828 F.2d 667 (11th Cir.1987), a panel of this circuit followed *Hurtado*'s teachings, but implicitly rejected the notion that *Hurtado*'s "independent review" requirement obligates the district court judge to conduct a *de novo hearing* when reviewing the magistrate's

---

**3.** We note that although 18 U.S.C. § 3142(f) provides that a finding of "dangerousness" must be supported by "clear and convincing evidence," the statute is silent on the question of how much proof is necessary to support a finding that the defendant is a risk of flight.

**4.** Title 18 U.S.C. § 3142(i) provides, in relevant part that in order to issue a detention order pursuant to the provisions of section 3142(e), [T]he judicial officer shall—
(1) include written findings of fact and a written statement of reasons for the detention. . . .
18 U.S.C. § 3142(i).

detention order. Rather, we observed that "*de novo* review [only] requires the court to exercise *independent consideration* of all facts properly before it...." *Gaviria*, 828 F.2d at 670 (citing *Hurtado*, 779 F.2d at 1480–81). Presumably, *Gaviria* left intact *Hurtado*'s requirement that the district court include in its own order written findings of fact and a statement of reasons supporting pretrial detention. *Gaviria*, 828 F.2d at 670.

In hopes of developing a procedure that is both consistent with the spirit of the Bail Reform Act and compatible with the practical realities of the magistrate's function throughout the bail process, we adopt the following procedures to be followed within this circuit.

Pursuant to 18 U.S.C. § 3145, following a magistrate's order that a detainee be held without bond pending trial, the detainee may move the district court to revoke or amend the magistrate's pretrial detention order.[5] As both *Hurtado* and *Gaviria* teach, in this situation, the district court must conduct an independent review to determine whether the magistrate properly found that pretrial detention is necessary.

■ At this point, the district court has two options. First, based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's

legal conclusions are correct. The court may then explicitly adopt the magistrate's pretrial detention order. Adoption of the order obviates the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention.

If *Hurtado* is to be given a logical construction, it must be that the district court is to enter its own findings of fact where factual issues remain to be resolved. Thus, when a motion to revoke or amend a pretrial detention order attacks only the magistrate's legal conclusion that pretrial detention is necessary, and no factual issues remain unresolved, the district court need not enter findings of fact when adopting the magistrate's pretrial detention order. Otherwise, the district court's function would be reduced to the mere duplicitous task of reproducing the magistrate's pretrial detention order. We see no reason for requiring such an unjudicious use of time.[6]

As stated previously, the district court also has a second option when considering a detainee's motion to revoke or amend a magistrate's pretrial detention order. If the district court, after reviewing the detainee's motion, determines that additional evidence is necessary or that factual issues remain unresolved, the court may conduct an evidentiary hearing for these purposes. In this instance, the district court must enter written factual findings and written reasons supporting its decision. Of course,

---

**5.** Section 3145. Review and appeal of a release or detention order.

(b) Review of a detention order.—If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

**6.** Our logic was not lost on Judge Fay who, dissenting in *Hurtado*, reasoned as follows:

The United States District Judge conducted a hearing on October 3, 1985. Counsel for all parties presented their arguments, but no one offered any additional evidence. In its Order denying relief from the magistrate's detention order, the District Court sets forth that it has carefully reviewed the defendant's motions

and the detention order, has carefully reviewed the bail reports submitted by the United States Probation Office, and has carefully reviewed the transcript of the detention hearing before the magistrate. Thus, it affirmatively appears in this record that the United States District Judge personally reviewed everything there was to consider. Having done so, he concluded and found that no condition of release or combination of conditions will reasonably assure the appearance of the defendants. There is no indication that the District Judge deferred to the magistrate and his order does not merely ratify that of the magistrate. I simply do not understand what the District Judge is to do on remand. I would affirm the order of pretrial detention. *Hurtado*, 779 F.2d at 1482 (Fay, J., concurring in part, dissenting in part).

if the district court concludes that the additional evidence does not affect the validity of the magistrate's findings and conclusions, the court may state the reasons therefor and then explicitly adopt the magistrate's pretrial detention order.

Likewise, if the district court, based solely on a careful review of the evidence adduced at the magistrate's detention hearing, agrees with the magistrate's recommendation that pretrial detention is necessary, yet finds that some of the magistrate's legal conclusions are incorrect or that certain of the magistrate's factual findings are not clearly supported, the court should so state in writing. In order to facilitate our review on appeal, the district court must prepare a written order in which it specifies those portions of the magistrate's pretrial detention order which it finds either incorrect or unsupported by the evidence of record. The district court may then explicitly adopt the magistrate's pretrial detention order. Thus, in the present case, had the district court found that pretrial detention of King was necessary but disagreed with the magistrate's legal conclusion that the government had proven risk of flight by a preponderance of the evidence, it would have been incumbent upon the court to state its reasons therefor in writing.

Regardless of whether the district court exercises the first or second option, our primary inquiry on appeal will focus on whether disposition of the detainee's motion required that the court consider evidence other than that considered by the magistrate. While the district court is always free to enter its own findings in writing and a written statement of reasons supporting pretrial detention, we hold that this is necessary only where: 1) the district court considers evidence which was *not* considered by the magistrate; or 2) the

district court adopts the magistrate's recommendation that pretrial detention is necessary but finds that certain of the magistrate's underlying conclusions or factual findings are incorrect or unsupported by the evidence.

In the present case, the district court conducted a *de novo* hearing before issuing its pre-trial detention order, but the district court did not make written findings or set forth written reasons. Accordingly, the case is remanded to the district court for proceedings consistent with this opinion.[7]

AFFIRMED in part and REMANDED

---

7. On remand, we anticipate that the district court will amend its order to: 1) state that it explicitly adopted the magistrate's pretrial detention order; 2) adopted the magistrate's recommendation that pretrial detention is necessary, although it found that certain of the magistrate's factual findings or legal conclusions were either incorrect or unsupported by the evidence

of record or; 3) that upon consideration of additional evidence, it concluded that the magistrate properly found that pretrial detention is necessary. If either of the latter two situations is applicable, it will be necessary for the court to enter additional findings of fact and a statement of reasons supporting pretrial detention.