UNITED STATES of America

v.

Manuel BOADO.

Crim. No. 92–CR–118–1.

United States District Court,
E.D. Texas,
Beaumont Division.

April 19, 1993.

Kerry Klintworth, Asst. U.S. Atty., Beaumont, TX, for plaintiff.

Timothy L. Jackson, Houston, TX, for defendant.

## MEMORANDUM ORDER

COBB, District Judge.

This case is before the court on defendant Manuel Boado's Motion for Review and Revocation of Detention Order, pursuant to 18 U.S.C. Section 3145(b), of the magistrate's detention order entered September 14, 1992, in which the magistrate ordered that the defendant be detained without bond. Defendant has moved in the alternative to reopen the detention hearing before the magistrate judge. For the reasons stated herein, the court declines, after *de novo* review of the record and the additional evidence presented by the defendant, to revoke or amend the magistrate's detention order, or to reopen the detention hearing before the magistrate judge.[1]

### The Detention Order

■ When the district court acts on a motion to revoke or amend a magistrates pretrial detention order, the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release. *U.S. v. Fortna,* 769 F.2d 243, 249 (5th Cir.1985). However, independent review by this court does not mean a *de novo* hearing. *United States v. King,* 849 F.2d 485, 489–90 (11th Cir.1988), *U.S. v. Baker,* 703 F.Supp. 34 (N.D.Tex.1989). On review of release and detention orders, the district court may take additional evidence and may also utilize the transcript and record of the earlier detention hearing as the basis for findings of fact. *U.S. v. Allen,* 605 F.Supp. 864 (D.C.Pa.1985).

Upon a *de novo* review of the written transcript of the detention hearing before United States Magistrate Judge Earl S. Hines, and of the additional evidence presented by the defendant, the court finds no basis for revocation or amendment of the magistrate's order.

### Available Information[2]

The defendant has been charged in a two count indictment. Count I charges that the defendant conspired to import into the United States from outside the territorial limits thereof more than 5 kilograms of cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. 963. Count II charges that the defendant conspired to distribute and possess with intent to distribute more than 5 kilograms of cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. 846. Conviction on all counts could result in imprisonment of not less than 10 years nor more than life; a fine of not more than $4,000,000; a mandatory assessment of $50, and a term of supervised release of at least 5 years.

■ The indictment establishes probable cause to believe that the defendant has committed the offense with which he is charged. The indictment also triggers a statutory presumption that the defendant should be detained. 18 U.S.C. § 3142(e). The presumption shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion. However, that presumption is not a mere "bursting bubble" that totally disappears from consideration after the defendant comes forward with evidence. Congress intended that the presumption remain in the case as a factor to be considered by the judicial officer. Thus, the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society. *United States v. Hare,* 873 F.2d 796, 798–799 (5th Cir.1989). The statutory presumption carries great weight. *United States v. Fortna,* 769 F.2d 243 (5th Cir.1985).

The Government presented the affidavit of D.S. Rice, a Special Agent of the Drug Enforcement Administration at Galveston, Tex-

---

1. To the extent that the defendant is requesting a second formal oral hearing under 18 U.S.C. sections 3142(e) and (f). *See United States v. King,* 849 F.2d 485, 489–90 (11th Cir.1988).

2. See 18 U.S.C. 3142(g) (the judicial officer shall "take into account the available information concerning [the listed factors]"); Fed.R.Evid. 1101(d)(3) (rules of evidence inapplicable). *See also United States v. Golding,* 742 F.2d 840, 842 (5th Cir.1984).

as. Special Agent Rice testified through his affidavit that he discussed with the defendant on August 17, 1990 the sale of 50 kilograms of cocaine to the defendant. On August 23, 1990, defendant negotiated with Special Agents for the purchase of 35 kilograms of cocaine. On or about November 29, 1990, defendant negotiated to sell 100 kilograms of cocaine to the Special Agents. The affidavit goes on to list seven other occasions on which the negotiations for the importation of 1000 kilograms of cocaine took place. Additionally, Special Agent Rice testified that negotiations occurred on February 6, 1992, regarding the importation of 7,000 pounds of marijuana into Port Arthur, Texas.

The evidence presented at the hearing indicated that the defendant is 46 years old and was born in Monterrey, Mexico. He is one of nine children born to Alicia and Jose Manuel Boado, Sr. His father is now deceased, and his mother now resides in Monterrey, Mexico. Six of his siblings reside in Monterrey, Mexico, one resides in Texas, and one resides in California. Defendant maintains close communication with his siblings in both Mexico and the United States. Defendant married Margarita Rosales in 1971 in Mexico. The couple had three children, ages 22, 21 and 18. Defendant does not recall any formal divorce proceedings, but he considers himself to be divorced as of 1988. Defendant presently considers himself to be married by common law to Maria Isabell Lee. The couple has one child, age 9.

Defendant has stated that he travels to Mexico approximately four to six times per year. Additionally, he has made recent trips to Aruba, Costa Rica and Panama. Maria Isabell Lee stated at the Initial Appearance that she did not travel with defendant, and she did not ask the reasons for his trips.

Defendant is currently self employed as a car wholesaler, but he is not actively wholesaling cars at the present. He states that he is presently putting together a deal between the country of Costa Rica and a financing company in Houston. This project is supposed to create a dry canal for the transportation of goods in lieu of the Panama Canal. In the past, defendant acted as a boxing promoter for approximately eleven years.

Defendant states that he was arrested in 1967 and again in 1969. Both arrests were disposed of by deportation to Mexico.

Defendant is a legal resident of the United States and is not presently on parole for any previous offense.

The defendant has submitted the affidavits of seven witnesses who were allegedly unavailable at the time of the detention hearing. The affidavits contain the testimony of Margarita Boado, the defendant's ex-wife; Donald Murray Young, Steve Webb, Odes B. Johnson, Jr., Joseph Bolton and Jesus Arrellano, business associates of the defendant; and Janice Boado, the defendant's sister-in-law. The affidavits attest to the defendant's good character, his honesty and reliability, and his strong family ties to Houston. They also indicate that the defendant has been buying and selling cars in Houston for several years. The affiants feel that the defendant is not a danger to the community or a flight risk. Additionally, Mr. Webb indicated that he would employ the defendant as a salesman if he were to be released and Mr. Young stated that he would sign the defendant's bond as surety.

### Disposition

■ The magistrate judge determined that the defendant does not pose a risk to the community. However, on a *de novo* review of the evidence, this Court concludes from clear and convincing evidence that Defendant would be a danger to the community if released. Though the evidence does not indicate that the defendant would constitute an unreasonable risk of harm to any individual person in the community, a non-physical danger as well as a physical danger can constitute a danger to this community which can justify pretrial detention. *See United States v. Fortna,* 769 F.2d 243 (5th Cir.1985). There is evidence that Mr. Boado was involved in the large-scale distribution of cocaine. The very nature of drug offenses constitutes a danger to the community which may justify pretrial detention. *United States v. Royal,* 759 F.Supp. 1238 (E.D.Tex.1990). In light of the extraordinarily large amounts of cocaine involved and the defendant's international contacts, this Court feels that the

 

opportunity presented to the defendant to reengage in drug transactions of this magnitude, or to turn over his connections to another party, would constitute a manifest danger to the community. *See United States v. Ibarra*, 770 F.Supp. 337 (S.D.Tex.1991).

■ This Court additionally concludes that the defendant poses a risk of flight. The weight of the evidence against the defendant is very strong. Furthermore, defendant made statements from the stand indicating that he was "playing along" with the government Special Agents. Defendant has strong family ties to Mexico. He has stated that he travels there approximately four to six times per year. Additionally, he has made recent trips to Aruba, Costa Rica and Panama. Defendant states that he is married; however, he never divorced his previous wife, and he did not ceremonially marry Maria Isabell Lee. Furthermore, she stated at the Initial Appearance that she did not travel with defendant, and she did not ask the reasons for his trips. Based on defendant's knowledge regarding overseas travel, his ties to Mexico and the weight of the evidence against him, defendant has a heavy incentive to flee.

■ Given the defendant's incentive to flee, his frequent international travel, his continuing family ties in Mexico, the sporadic and vague nature of his business ties in the United States, the informal relationship with his present wife, and the evidentiary weight of the statutory presumption, the government has proven by a preponderance of the evidence that no condition or combination of conditions could reasonably assure that defendant would not flee if released. It is, therefore,

ORDERED that defendant Manuel Boado be detained without bond.