**UNITED STATES of America, Plaintiff,**

v.

**Avelino A. CORZO, et al., Defendants.**

**No. 95–0257–CR.**

United States District Court,
S.D. Florida,
Miami Division.

May 3, 1995.

---

Aloyma M. Sanchez, Asst. U.S. Atty., Miami, FL, for plaintiff.

Michael A. Matters, Adelstein & Matters, Miami, FL, for defendants.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon the Government's appeal of the Magistrate Judge's April 10, 1995 order granting pretrial release on bond of Defendant Avelino Corzo ("Corzo"). Having reviewed the record, considered the argument of counsel, and been advised on the premises, the Court orders that the Government's appeal is **GRANTED.**

### I. Factual Background

Corzo was apprehended by the Federal Bureau of Investigation ("FBI") during a "buy-bust" of cocaine. In recorded conversations, a confidential informant negotiated with Corzo and Teodoro Parson to buy nine kilograms of cocaine. The cost of the cocaine was set at $15,000 per kilogram.

The CI met with Defendants in a warehouse on April 5 to consummate the sale. The CI showed Defendants $90,000 in cash, which Defendants believed was $135,000. Defendants left the warehouse and returned later that day with three kilograms of cocaine. Defendant Parson told the CI that he would take payment for the three kilograms immediately and would return in an hour with six additional kilograms. The FBI arrested Defendants at this time.

At a pretrial detention hearing, the Government argued that Corzo should be detained pending trial because he represented a flight risk and a danger to the community. Rejecting this contention, the Magistrate Judge ordered Corzo's release on bond.

## II. Discussion

■ The Government appeals the release order. Review of the Magistrate Judge's decision is de novo. *United States v. King,* 849 F.2d 485, 489–91 (11th Cir.1988).[1]

The Bail Reform Act of 1984 provides that a judicial officer shall order pretrial detention of a defendant if no conditions on the defendant's release will reasonably assure the safety of the community. 18 U.S.C. § 3142(e). Where a defendant is indicted for an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.,* a rebuttable presumption arises that no condition on pretrial release will reasonably assure the appearance of the defendant at trial and the safety of the community. 18 U.S.C. § 3142(e). Because Corzo faces at least a 10–year mandatory minimum sentence under the Controlled Substances Act, the Government is entitled to such a presumption.

■ This presumption imposes on Corzo a burden of production to come forward with evidence that he is not a flight risk or dangerous. *King,* 849 F.2d at 488. This obligation, however, does not shift to Corzo the Government's burden of persuasion. *United States v. Quartermaine,* 913 F.2d 910, 916 (11th Cir.1990). If Corzo produces evidence that he is not a flight risk or dangerous, the Government must show by (1) the preponderance of the evidence that he is a flight risk or (2) by clear and convincing evidence that his pretrial release would pose a threat to the community. *King,* 849 F.2d at 488–89. The presumption initially accorded to the Government does not disappear but "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relative to the factors listed in section 3142(g)." *Id.* (quotation omitted).

## A. Flight risk

■ Corzo has produced evidence that he is not a flight risk. According to representations made at his detention hearing, Corzo has been a resident alien since 1971 and has not travelled outside of the United States since that time. His family, including his eight-year-old daughter, resides in Dade County, and he lives with his mother. In light of these facts, the Government must produce evidence proving by the preponderance of the evidence that no conditions on Corzo's pretrial release will reasonably assure his appearance at trial.

The Government has met this burden. The fact that Corzo is charged with a narcotics offense indicates that he "pose[s] an especially high risk of flight." *King,* 849 F.2d at 488; 18 U.S.C. § 3142(g)(1). Corzo's awareness of the high minimum mandatory sentence he faces adds to this risk. *King,* 849 F.2d at 489. In addition, the Government appears to have a very strong case against Corzo: the CI's conversations with Defendants were recorded, *id.,* and the FBI caught Corzo red-handed in the middle of an undercover drug buy. 18 U.S.C. § 3142(g)(2). Finally, Corzo was on pretrial release on a narcotics charge in Colorado at the time he was arrested and has missed one court appearance on that charge. *Id.* at § 3142(g)(3)(A) & (B).

The Court finds that these facts outweigh the facts tendered by Corzo in support of his release. Consequently, the Court concludes that no condition or combination of conditions will reasonably assure his appearance at trial.

## B. Danger to the community

■ Corzo's evidence indicating that he is not a flight risk also suggests that he is not a danger to the community. The Government thus must show by clear and convincing evidence that he represents such a danger.

---

1. Because no additional facts are needed to supplement the record, the Court declines to conduct an evidentiary hearing. *King,* 849 F.2d at 490.

The Government has made such a showing. Corzo's indictment for a drug trafficking crime "is strong evidence that he places the community at risk." *United States v. Fiandor*, 874 F.Supp. 1358, 1361 (S.D.Fla.1995); 18 U.S.C. § 3142(g)(1) & (4). Even more significantly, his alleged commission of a narcotics offense while on pretrial release for another narcotics charge indicates that he is likely to resume narcotics trafficking if the Court were to release him on bond. *United States v. Dumot*, 634 F.Supp. 407, 408 (W.D.Pa.1986); 18 U.S.C. § 3142(g)(3)(B); *see also Fiandor*, 874 F.Supp. at 1361 ("alleged commission of offenses while on parole" indicative of dangerousness). The strength of the Government's case also is probative of the risk to the community that Corzo represents. 18 U.S.C. § 3142(g)(2). Finally, Corzo has a lengthy rap sheet: he has been arrested numerous times, has been convicted of a prior felony (grand theft) and disorderly conduct misdemeanors, and is facing a narcotics charge in Colorado. *Id.* at 3142(g)(3)(A).

The Court finds that these facts establish a clear and convincing case for Corzo's dangerousness, despite the facts tendered by Corzo in support of his release. Consequently, the Court concludes that no condition or combination of conditions will reasonably assure the safety of the community if Corzo is released.

### III. Conclusion

Accordingly, the magistrate's order denying the Government's request for pretrial detention and permitting pretrial release is **VACATED.** The Government's request for pretrial detention is **GRANTED.** The Court directs that the Defendant continue to be committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. Upon order of a court of the United States or request of an attorney for the Government, the person in charge of the corrections facility in which the person is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding. 18 U.S.C. § 3142(i).

**DONE AND ORDERED.**