**UNITED STATES of America, Plaintiff,**

v.

**Ramon RODRIGUEZ, Defendant.**

**No. 95–395–Cr.**

United States District Court,
S.D. Florida,
Miami Division.

Sept. 7, 1995.

Jacqueline Arango, Assistant United States Attorney, Miami, FL, for Plaintiff.

Alan I. Karten, Miami, FL, for Defendant.

## AMENDED ORDER

K. MICHAEL MOORE, District Judge.

**THIS CAUSE** came before the Court upon Defendant Ramon Rodriguez' appeal from a Magistrate Judge's order of pre-trial detention. Having reviewed the record of the proceedings below, the Court AFFIRMS the decision of the Magistrate Judge for the reasons set forth as follows.

1. This evidence consists of the transcript of the May 30, 1995 pretrial detention hearing, before United States Magistrate Judge Peter R. Palermo (DE 25), subsequent Detention Order (DE 24),

## I. Factual Background

Defendant Ramon Rodriguez was indicted June 2, 1995 for harboring a fugitive, a violation of 18 U.S.C. § 1071. The evidence in the record [1] reveals that in May of 1995 the defendant sought confidential medical help for a wanted man, called "Ruzzo" who had been shot by ATF agents during an arrest attempt. Defendant Rodriguez called another individual, who was cooperating with the government, and asked for help to locate a doctor who could be trusted to treat the injured man. Defendant later called the same individual and advised that he was able to find such a doctor.

ATF agents went to the home of Defendant Rodriguez in Hialeah, Florida in the course of investigating the whereabouts of "Ruzzo." There, the agents observed Rodriguez, Co–Defendant Gato and a man fitting the description of "Ruzzo." Gato was later arrested and made statements implicating himself and Defendant Rodriguez in harboring "Ruzzo."

Rodriguez' criminal history, included in the Pretrial Services Report reveals two prior narcotics convictions, a bench warrant issued by the State of New York, and a total of at least nine arrests in four states.

The report also indicates that Rodriguez is an alien, born in Cuba. During the Pretrial Detention Hearing, it was revealed that the defendant entered the United States from Cuba during the Mariel Boatlift of 1980. His first arrest occurred in January of 1981. His last arrest prior to the present charge occurred in October of 1994.

Rodriguez is not married. His only apparent tie to the Miami area is a live-in girlfriend, with whom he has a young child. With the exception of a sister in Tampa and a half brother in Hialeah, his only other ties are to Cuba. Details of Defendant's employment history are sketchy at best.

Following the detention hearing, Magistrate Judge Peter R. Palermo issued an order finding the defendant to be both a risk of flight and a danger to the community.[2] On

and the Pretrial Services Report completed on May 26, 1995 by Jim Navarro.

2. The transcript of the detention hearing indicates that the basis of detention is danger to the

June 1, 1995, Defendant Rodriguez filed a notice of appeal.

## II. Discussion

■ Review of the magistrate's decision is de novo. *United States v. King,* 849 F.2d 485, 489–91 (11th Cir.1988).[3]

The Bail Reform Act of 1984 provides that a judicial officer shall order pretrial detention of a defendant if no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e) (1986).

Section (g) of that same statute sets forth those elements which the court must consider when addressing the issues of a defendant's dangerousness and risk of flight:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). (1986).

■ The Government's burden in a pretrial detention hearing is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. *United States v. Orta,* 760 F.2d 887 (8th Cir.1985). The issue in such a hearing is whether releasing a defendant would pose a danger to the community that would not exist were he detained. *United States v. Phillips,* 732 F.Supp. 255, 267 (D.Mass.1990) *r'hng denied,* 952 F.2d 591 (1st Cir.) *and cert. denied,* —— U.S. ——, 113 S.Ct. 113, 121 L.Ed.2d 70 (1992) This Court is convinced from the record that Defendant Rodriguez would be a danger to the community if he were released on bail. The defendant has two prior drug convictions and at least five other arrests. At least one of those arrests occurred when he was on probation. This Court agrees with the Magistrate Judge's statement that "[t]he man has been here [in the United States] 15 years and he's been arrested almost continually. What else has he ever done except criminal activity?" (Pretrial Detention Hearing transcript at p. 11).

■ Even if this Court were unable to find the defendant to be a danger to the community, it is clear that he is a flight risk. A court need only find a defendant to be a risk of flight by a preponderance of the evidence. *United States v. Gebro,* 948 F.2d 1118 (9th Cir.1991) *see also King,* 849 F.2d at 489. Proof of both flight risk and danger to the community is unnecessary. *United States v. Flores,* 856 F.Supp. 1400, 1401 (E.D.Cal.1994). This Court agrees with the Magistrate Judge's Detention Order that the Government, by a preponderance of the evidence, established that the defendant is a risk of flight and that no conditions of release would reasonably assure his appearance at trial. The defendant is not married. He was unable to provide any credible employment information. His nearest family member resides in Tampa. Defense Counsel admitted in the detention hearing that except

community only. The subsequent detention order, signed by the magistrate states both danger to the community and risk of flight in support of detention. This Court finds the detention order to be controlling in this matter and proceeds accordingly.

3. Because no additional facts are needed to supplement the record, the Court declines to conduct an evidentiary hearing. *King,* 849 F.2d at 490.

for the defendant's sister, a half-brother, and a woman with whom the defendant has a small child, Rodriguez "has no ties anywhere else in the world except for Cuba." (Pretrial Detention Hearing transcript at p. 9). Defendant's criminal history further undermines any claim of stability and ties to the community. His record shows criminal convictions in Broward County, Florida and Charleston, South Carolina. He also has arrests in Dade County, Florida, Bensenville, Illinois and Orlando, Florida. Finally he is the subject of a bench warrant issued by the New York City Police. This Court is persuaded that no conditions of release can reasonably assure the appearance of Defendant Rodriguez at trial.

## III. Conclusion

To assure the appearance of the defendant at trial and for considerations of community safety it is hereby ORDERED AND ADJUDGED that:

The Magistrate Judge's order of pretrial detention is AFFIRMED. The Court directs that the Defendant continue to be committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. Upon order of a court of the United States or request of an attorney for the Government, the person in charge of the corrections facility in which the person is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. 18 U.S.C. § 3142(i).

**DONE AND ORDERED.**