[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15091
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00320-SDM-TGW-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRISCILLA ANN ELLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 1, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Priscilla Ann Ellis appeals an order that continued her detention pending trial, as provided under the Bail Reform Act. *See* 18 U.S.C. § 3142(b), (e). The district court ruled that Ellis's associates and access to funds would enable her to flee the country to avoid trial for conspiring to commit mail and wire fraud, *id.* § 1349, and conspiring to commit international money laundering, *id.* § 1956(h), and that she presented a danger to elderly and other vulnerable persons. Because the record supports the finding that Ellis was a flight risk, we need not address the alternative finding that she posed a danger to the public. We affirm.

The continuation of pretrial detention presents a mixed question of law and fact. We review findings of fact for clear error and the application of law to those facts *de novo. United States v. King*, 849 F.2d 485, 487 (11th Cir. 1988). The district court has "substantial latitude in determining whether pretrial detention is appropriate." *Id.*

When a district court conducts an evidentiary hearing and "finds that no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community," the defendant must be detained before trial. 18 U.S.C. § 3142(e). Either ground may support the order of detention. *King,* 849 F.2d at 488. To determine whether the defendant poses a flight risk, the district court must consider several factors, including (1) the "nature and circumstances" of the charged offense, (2) the weight

2

of the evidence against the defendant, (3) the defendant's history and characteristics, including her character, her family and community ties, her past conduct, her criminal history, and her "record concerning appearance at court proceedings," and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The district court did not err in determining that Ellis should be detained because she presents a serious risk of flight. *See id.* § 3142(e). The district court found that Ellis understood the consequences of her charges, having been convicted previously of mail fraud, and that she had an incentive and ability to flee to avoid a potential sentence of imprisonment for life. The government proffered that emails, photographs, and travel documents established that Ellis had relationships and resources that would facilitate her flight. Those proffers established that Ellis had used an international counterfeiter to extend the expiration date on her passport and to create false documents for other members of her conspiracy; she had traveled frequently to Europe and Asia, where she had established or had access to bank accounts; and she had professed to be worth more than $7.8 million, with $480,000 in liquid assets. Ellis argues that the government failed to "call . . . witnesses [or] present[] . . . actual evidence" to satisfy its burden of proof, but she acknowledges that the government was allowed to proceed by proffer. *See* 18 U.S.C. § 3142(f); *United States v. Gaviria*, 828 F.2d

667, 669 (11th Cir. 1987). Ellis also argues that her medical condition, family ties, and status as a veteran weighed in favor of release, but the district court was entitled to conclude that Ellis's "significant overseas resources and connections" and her "criminal history and her character establish a preponderant risk of flight."

The district court also did not clearly err in finding that no condition or combination of conditions would reasonably assure Ellis's appearance. *See* 18 U.S.C. § 3142(f). Ellis offered to surrender her passport, but that would not eliminate the risk of flight, the district court found, because Ellis had "access to sources world-wide to obtain false travel documents." And the government proffered that Ellis had misrepresented that she had not traveled internationally for several years because travel documents established that she went abroad repeatedly in 2014 and in 2015. The district court reasonably determined that no measure short of detention would guarantee Ellis's presence at trial.

We **AFFIRM** the decision to continue Ellis's pretrial detention.

4