[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14390
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00282-RBD-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THEODORE VAZQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 19, 2021)

Before MARTIN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Theodore Vazquez, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  On appeal, Vazquez argues both that the district court did not understand its authority to grant his motion and abused its discretion in denying his motion.  After careful consideration, we affirm.

## I.

In 2018, Vazquez entered into a plea agreement with the government, by which he pled guilty to possessing a firearm after having been convicted of felony offenses, in violation of 18 U.S.C. § 922(g)(1).  The agreement stipulated that Vazquez entered a firearm range in 2016 and signed a "Guest Release and Waiver" wherein he falsely indicated that he had not been convicted of a felony.  At the firing range, Vazquez possessed and fired several firearms.  Vazquez had been convicted of nine felonies at the time.

The magistrate judge permitted Vazquez to remain at liberty pending the resolution of his criminal case.  However, when Vazquez violated the conditions of his release by failing to reside at his approved residence, the magistrate judge added an additional condition that Vazquez be restricted to his residence while on pretrial release.

A probation officer prepared a Presentence Investigation Report ("PSR"). The PSR assigned Vazquez a criminal history category of VI, and described his

2

prior felony convictions, including his conviction for tampering with a witness in a drug trafficking case in which Vazquez was the defendant. According to the PSR, Vazquez had gone to the witness's place of employment and threatened to kill him and his children. The PSR also noted that Vazquez was a documented gang member at the time he made these threats. However, by the time of his sentencing for possessing a firearm after being convicted of felonies, Vazquez "reported no current gang affiliation." Vazquez did not object to anything in the PSR.

In May 2018, the district court sentenced Vazquez to 15 years' imprisonment, which was the statutory minimum. However, the court stated that had the mandatory minimum not limited its discretion, it would have imposed a lower sentence because Vazquez "was not utilizing the firearms in a way that was in an effort to defeat law enforcement or to commit other criminal acts."

In September 2020, Vazquez filed the present pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Vazquez argued that extraordinary and compelling circumstances warranted his release because he had various health conditions that placed him at an increased risk of contracting COVID-19, and the Bureau of Prisons had not provided him proper treatment. Specifically, he said he suffered from hypothyroidism, chronic venous insufficiency, a history of bacterial infections and tuberculosis, a bilateral orchiectomy, edema, and an enlarged prostate. He also alleged that there were

3

many cases of COVID-19 among inmates, including several deaths, at the facility where he was incarcerated.  In support of his motion, Vazquez also pointed to his rehabilitation during incarceration, including his participation in programs as well as his excellent disciplinary record and work history.

The government conceded that Vazquez presented extraordinary and compelling reasons for release, namely that he is severely obese, which puts him at an increased risk of contracting COVID-19.  Yet the government urged the district court to deny Vazquez compassionate release, arguing that he still posed a danger to the community and the 18 U.S.C. § 3553(a) factors weighed against release.

The district court denied Vazquez's motion.  The court concluded that Vazquez had demonstrated extraordinary and compelling circumstances warranting release, especially due to his obesity in conjunction with COVID-19.  The court also found that FCI Coleman Medium, where Vazquez was incarcerated, was suffering from an "outbreak of COVID-19, with 34 staff members testing positive and two inmate deaths."

Nevertheless, the district court determined that Vazquez posed a danger to the community if released because he was "a documented gang member, with a violent criminal history—including a conviction for witness tampering after he traveled to a witness's workplace and threatened to kill the witness and his children."  The court also determined that the § 3553(a) factors weighed against

4

Vazquez's release, and noted that he had served only three years of his 15-year sentence so release "would undermine the need for a just sentence and one that promote[d] respect for the law and [was] both a general and specific deterrent—and it would be contrary to Congress's intentions in setting a mandatory minimum sentence for his crime."

This is Vazquez's appeal.

## II.

We review de novo whether a district court was authorized to modify a term of imprisonment. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). We review a district court's denial of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion. United States v. Harris, 989 F.3d 908, 911–12 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an incorrect or unreasonable fashion, fails to follow proper procedures in making a determination, or makes clearly erroneous factual findings. United States v. McLean, 802 F.3d 1228, 1233 (11th Cir. 2015). We liberally construe pro se filings. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

## III.

Construing his pro se brief liberally, Vazquez argues the district court abused its discretion when it denied his motion for compassionate release because

(1) the court wrongly concluded it lacked the authority to reduce his sentence; (2) the court incorrectly found that he posed a danger to the community if released because Vazquez had previously been released pretrial; and (3) the court improperly considered dangerousness to the exclusion of Vazquez's risk of dying if he contracted COVID-19.  We are unable to agree.

For starters, the district court did not find that it lacked authority to grant Vazquez compassionate release.  To the contrary, the court determined Vazquez exhausted his administrative remedies and considered the merits of his motion. And the district court's statement that reducing Vazquez's sentence "would be contrary to Congress's intentions in setting a mandatory minimum sentence for his crime" does not amount to a determination that the court lacked authority to grant him compassionate release.  Neither can we say the court abused its discretion by finding that Vazquez posed a danger to the community if released or gave insufficient weight to his risk in the face of COVID-19.  It is true that the district court found—and the government conceded—that Vazquez presented extraordinary and compelling reasons for release: namely, his severe obesity which puts him at increased risk if he contracts COVID-19.  However, the United States Sentencing Guidelines applicable to motions for compassionate release under § 3582(c)(1)(A)(i) require the district court to also determine that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided

in 18 U.S.C. § 3142(g)."  USSG § 1B1.13(2).  Factors to consider in determining the danger a defendant poses include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the individual; (3) the history and characteristics of the individual; and (4) the nature and seriousness of the danger that would be posed by the individual's release.  18 U.S.C. § 3142(g). A defendant may pose a danger to the community not only through physical violence, but also if he might engage in criminal activity detrimental to the community.  United States v. King, 849 F.2d 485, 487 n.2 (11th Cir. 1988).

Beyond that, our precedent says that, when considering a motion under § 3582(c)(1)(A)(i), a district court "must ensure that the record reflects that it considered the applicable § 3553(a) factors."  United States v. Cook, 998 F.3d 1180, 1185 (11th Cir. 2021) (quotation marks omitted) (alteration adopted).  Thus, consideration of whether Vazquez continued to pose a danger to the community— even despite a finding of extraordinary and compelling reasons—was proper not only under the applicable Guideline, but also under our binding precedent because it goes to "the history and characteristics of the defendant" and "the need for the sentence imposed," two of the § 3553(a) factors.[1]  See 18 U.S.C. § 3553(a)(1), (2).

---

[1] The district court's consideration of the § 3553(a) factors was sufficient.  Where consideration of the § 3553(a) factors is mandatory, it is not necessary for the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of them. United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013).  Instead, an acknowledgement by the district court that it considered the § 3553(a) factors is sufficient.  United States v. Turner, 474 F.3d 1265, 1281 (11th Cir. 2007).  A sentence may be affirmed so long as the record

We cannot say the court's finding that Vazquez continued to pose a danger to the community was "clearly erroneous." McLean, 802 F.3d at 1233. As the district court explained, Vazquez was "a documented gang member, with a violent criminal history—including a conviction for witness tampering after he traveled to the witness's workplace and threatened to kill the witness and his children." And while Vazquez notes that he was released pretrial, which suggests a lack of dangerousness, he violated the conditions of his pretrial release.

On this record, the district court did not abuse its discretion when it denied Vazquez's motion for compassionate release. We therefore affirm.

**AFFIRMED.**

---

indicates that the court considered a number of the factors. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007). Here, the district court expressly stated that it had considered the § 3553(a) factors, and the record confirms this. For instance, in addition to the factors described above, the court explained its view that because Vazquez had served only a small portion of his sentence, granting relief would not promote respect for the law or act as a deterrent, and it would undermine the need for a just sentence. See 18 U.S.C. § 3553(a)(2)(A), (B).