*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# District of Columbia
# Court of Appeals

**No. 23-CO-0649**

SAPHIRE JOHNSON,
            Appellant,

    v.                                              **2023-CF3-004840**

UNITED STATES,
            Appellee.

BEFORE:    Easterly and McLeese, Associate Judges, and Steadman, Senior Judge.

### PUBLISHED JUDGMENT
(FILED—September 28, 2023)

On consideration of appellant's motion for summary reversal, appellee's opposition and cross-motion for summary affirmance, and appellant's reply/opposition thereto; appellant's motion and corrected motion to file under seal the lodged unredacted copy of her motion for summary reversal and accompanying appendix; and the record on appeal; it is

ORDERED that appellant's motion to seal and corrected motion to seal are granted, and the Clerk shall file under seal the lodged unredacted motion for summary reversal and appendix.  It is

FURTHER ORDERED that appellant's motion for summary reversal is granted.  Appellant, citing *United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985), argues that the trial court erred in concluding that she failed to rebut the rebuttable presumption of detention arising from the probable-cause finding (not challenged on appeal) that she committed assault with a dangerous weapon while armed or having readily available a firearm.  *See* D.C. Code §§ 22-402, 23-1322(c)(1), 23-1331(4). This court has not previously decided whether *Jessup* applies to the rebuttable presumption of detention in § 23-1322(c).  Today we hold that *Jessup* does, and we

so hold for four reasons. First, appellee does not dispute that the analytical framework in *Jessup* should apply, although we note that appellee's non-opposition is not dispositive of the issue. *Cf. District of Columbia v. Coleman*, 667 A.2d 811, 820 n.14 (D.C. 1995) ("[W]e are not bound by stipulations on questions of law in general[.]") (internal quotation marks omitted). Second, we have previously endorsed *Jessup*'s reasoning in the context of the rebuttable presumption in the juvenile transfer statute, D.C. Code § 16-2307(e-2), which similarly involves a dangerousness assessment. *See In re D.R.J.*, 734 A.2d 162, 164-65 (D.C. 1999). Third, the § 23-1322(c) presumption was first enacted several years after *Jessup*, *see* D.C. Law 8-120, § 2(a) (May 8, 1990), and it closely tracks the language of the presumption that *Jessup* construed, *see* 757 F.2d at 380 (quoting 18 U.S.C. § 3142(e)(3)); *see also Minor v. United States*, 623 A.2d 1182, 1186 n.8 (D.C. 1993) ("We may look to decisions interpreting an identical, or substantially identical, federal statute as persuasive authority in interpreting its local counterpart."). Fourth, it appears that every federal court of appeals to have considered the issue has expressly or impliedly adopted *Jessup*. *See, e.g.*, *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010); *United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989); *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988); *United States v. Perry*, 788 F.2d 100, 114-15 (3rd Cir. 1986); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 251 (5th Cir. 1985); *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985).

Both the magistrate judge who initially detained appellant and the associate judge who denied her motion for release concluded that she had not rebutted the § 23-1322(c) presumption, but they did not explain how they reached that conclusion, including whether they applied *Jessup* or some other test. "[M]indful that we are a court of review, not of first view," *Laniyan v. United States*, 226 A.3d 1146, 1153 (D.C. 2020) (brackets in original), we conclude that a remand is warranted for the trial court to apply the *Jessup* framework in the first instance. Thus, the trial court should begin by determining whether appellant has satisfied her burden of production of evidence to rebut the § 23-1322(c) presumption; if so, the trial court should then determine whether, considering the rebutted presumption among all of the other detention factors, appellee has shown that no combination of conditions will reasonably assure the safety of any other person and the community. *See generally Jessup*, 757 F.2d at 380-85; *see also Blackson v. United States*, 897 A.2d 187, 196 (D.C. 2006) (confirming that it is "the government's burden to prove future dangerousness by clear and convincing evidence" for detention under § 23-1322)(c)).

No. 23-CO-0649

Appellant also argues that the associate judge who denied her motion for release should have issued written findings in accordance with D.C. Code § 23-1322(g)(1). Appellee contends that no written findings were required because the magistrate judge had already issued such findings, and the associate judge did no more than decline to alter those findings. Whether and when a second set of written findings might be required by § 23-1322(g)(1) also appears to be a question this court has not previously had occasion to decide. Although the statute does not expressly contemplate more than one set of written findings, we conclude that where, as here, the preliminary hearing has been reopened for the presentation of additional evidence (not simply proffers) bearing on probable cause and dangerousness, the trial court is obliged to issue written findings as "a means of ensuring a thoughtful decision and facilitating expedited appellate review." *Blackson*, 897 A.2d at 195 n.15. The trial court is free to repeat or incorporate by reference any prior written findings, as appropriate, but it must make further written findings with respect to the additional evidence presented at the reopened preliminary hearing. In this case, the trial court's cursory oral finding that the video evidence presented at the reopened preliminary hearing "generally tracks" the content of the affidavit in support of appellant's arrest does not suffice. This is especially true in light of appellant's arguments that the video differs in key details that bear on whether her conduct— even if unreasonable or excessive for the purpose of self-defense—was provoked, and thus whether there might be conditions of release that will reasonably assure the safety of any other person and the community. It is

FURTHER ORDERED that appellee's cross-motion for summary affirmance is denied. It is

FURTHER ORDERED and ADJUDGED that the order on appeal is reversed and the case is remanded for further proceedings consistent with this judgment. It is

FURTHER ORDERED that the mandate shall issue forthwith. *See* D.C. App. R. 41(b).

ENTERED BY DIRECTION OF THE COURT:

JULIO A. CASTILLO
Clerk of the Court

**No. 23-CO-0649**


Copies e-served to:

Honorable Andrea Hertzfeld

Director, Criminal Division

Samia Fam, Esquire
Jennifer Williams, Esquire

Chrisellen R. Kolb, Esquire
Kevin Birney, Esquire
Assistant United States Attorneys

cml