[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-13355
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-00106-SCJ-LTW-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN PARHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 14, 2021)

Before GRANT, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Allen Parham, a federal prisoner proceeding pro se,[1] appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  No reversible error has been shown; we affirm.[2]

Parham pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.  In 2015, Parham was sentenced to 78 months' imprisonment.[3]

In June 2020, Parham moved pro se for compassionate release under section 3582(c)(1)(A), as amended by section 603(b) of the First Step Act.[4]  Parham asserted that the COVID-19 pandemic and his underlying medical conditions

---

[1] We read liberally briefs filed by pro se litigants.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

[2] The government has moved for summary affirmance and for a stay of the briefing schedule. We DENY the government's motion, but GRANT the government's request to treat that motion as its responsive brief.  We DENY Parham's pro se motion to "grant the appeal and remand the matter."

[3] Parham was later charged with failing to surrender for service of his sentence, in violation of 18 U.S.C. § 3146(a)(2).  Parham pleaded guilty and was sentenced to an additional consecutive sentence of 21 months' imprisonment.

[4] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

(hypertension and heart disease) constituted extraordinary and compelling reasons warranting his early release.

The district court denied Parham's motion.  The district court accepted that Parham's underlying medical conditions put him at increased risk of serious illness if he were to contract COVID-19 and, thus, constituted "extraordinary and compelling reasons" that might justify a reduced sentence.

Nevertheless, the district court concluded that compassionate release was inappropriate in the light of the 18 U.S.C. § 3553(a) factors.  The district court explained that -- although Parham presented some evidence of post-sentencing rehabilitation -- no sentencing reduction was justified given (1) the nature, circumstances, and seriousness of Parham's crimes, (2) Parham's "extensive history of crime, probation violations, and disrespect for the law," and (3) the need for deterrence.  The district court also found Parham posed a danger to the public under 18 U.S.C. 3142(g) and, thus, a sentence reduction would be inconsistent with the policy statement in U.S.S.G. § 1B1.13.

We review for abuse of discretion the district court's decision about whether to grant or to deny a defendant compassionate release.  See United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the

3

determination, or makes findings of fact that are clearly erroneous." United States
v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).

A district court has no inherent authority to modify a defendant's sentence
and may do so "only when authorized by a statute or rule." United States v.
Puentes, 803 F.3d 597, 605-06 (11th Cir. 2015). As amended by the First Step
Act, section 3582(c)(1)(A)(i) authorizes a district court to modify a term of
imprisonment under these circumstances:

> [T]he court . . . may reduce the term of imprisonment . . . after
> considering the factors set forth in section 3553(a) to the extent that
> they are applicable, if it finds that . . . extraordinary and compelling
> reasons warrant such a reduction . . . and that such a reduction is
> consistent with applicable policy statements issued by the Sentencing
> Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

Under section 3553(a), a sentence must be sufficient (but not greater than
necessary) to reflect the seriousness of the offense, promote respect for the law,
provide just punishment, deter criminal conduct, and to protect the public from
future crimes. See 18 U.S.C. § 3553(a)(2). A sentencing court should also
consider the nature and circumstances of the offense, the history and characteristics
of the defendant, the kinds of available sentences, the guidelines range, the policy
statements of the Sentencing Commission, and the need to avoid unwarranted
sentencing disparities. Id. § 3553(a)(1), (3)-(7).

4

The policy statements applicable to section 3582(c)(1)(A) provide that -- in addition to determining whether extraordinary and compelling reasons exist that might warrant a sentence reduction -- the district court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See U.S.S.G. § 1B1.13(2); id., comment. (n.1). In determining the potential danger posed by a defendant, the court considers these factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including his past conduct, criminal history, and history of drug or alcohol abuse; and (4) the nature and seriousness of the danger that would be posed by the defendant's release. See 18 U.S.C. § 3142(g).

In ruling on Parham's motion for compassionate release, the district court set out the correct legal standard. Contrary to Parham's assertion, the district court recognized properly its authority to reduce Parham's sentence under section 3582(c)(1)(A) and considered the pertinent factors.

The record supports the district court's determination that the section 3553(a) factors weighed against Parham's early release. Parham's bank-fraud-conspiracy conviction constituted a serious offense involving more than 10 victims and a loss amount greater than $550,000. The district court noted Parham's

5

extensive criminal record:[5] a record that included offenses committed while Parham was on probation or supervised release and included Parham's conviction for failure to surrender to serve his sentence in this case. In the light of the seriousness of Parham's offense-of-conviction and Parham's history and characteristics, the district court determined reasonably that a reduced sentence would be inadequate to promote respect for the law, to deter criminal conduct, and to provide just punishment.

On appeal, Parham contends the district court placed undue weight on his criminal history and failed to consider adequately his post-sentencing rehabilitation. That the district court afforded more weight to Parham's history and characteristics than the court did to other mitigating factors is no abuse of discretion. The weight given to a particular sentencing factor "is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." See United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alteration omitted).

We cannot conclude that the district court's finding that Parham would pose a danger to the public if released was clearly erroneous. The record demonstrates that Parham has an extensive criminal history, including a conviction for family

---

[5] At sentencing, the district court assigned Parham a criminal history category of VI.

6

violence, two convictions for possession of controlled substances, and a conviction for possession with intent to distribute over one kilogram of cocaine.  See 18 U.S.C. § 3142(g)(A) (listing a defendant's criminal history, history of drug abuse, and past conduct as pertinent to a finding of dangerousness); see also United States v. King, 849 F.2d 485, 847 n.2 (11th Cir. 1988) (noting Congress's intent that the term "safety of any other person and the community" as used in section 3142 be construed broadly to encompass the "danger that a defendant might engage in criminal activity to the detriment of the community" and not "merely danger of harm involving physical violence.").  That Parham committed the underlying fraud offense while on supervised release from his controlled-substance offense also supports a finding of dangerousness.  See 18 U.S.C. § 3142(g)(3)(B) (among the factors to consider in determining dangerousness is whether the defendant was on probation or parole when he committed the current offense).

On this record, the district court abused no discretion in denying Parham's motion for compassionate release.

AFFIRMED.

7