[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10416

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GARY JAY GOLDBERG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:13-cr-80082-KAM-1

_____

Before LAGOA, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Gary Goldberg, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act"). On appeal, Goldberg argues that the district court abused its discretion when it denied his motion for compassionate release based on its consideration of the relevant statutory factors and on its finding that he posed a danger to the community. After careful review, we affirm.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Abuse of discretion review "means that the district court had a range of choice" and that we "cannot reverse just because we might have come to a different conclusion." *Id.* at 912 (quotations omitted). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). We review *de novo* a district court's consideration of the 18 U.S.C. § 3142(g)(1) and (2) factors, and we review for clear error its consideration the § 3142(g)(3) and (4) factors. *See United States v. Hurtado*, 779 F.2d 1467, 1472 (11th Cir. 1985).

Pro se pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, an appellant abandons a claim when he fails to plainly and prominently raise it on appeal, or he makes it only by passing reference or in a perfunctory manner without authority or argument in support. *United States v. Smith*, 967 F.3d 1196, 1204 n.5 (11th Cir. 2020), *cert. denied*, No. 20-7404 (U.S. Apr. 19, 2021). "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If a party fails to challenge any one of those independent grounds on appeal, he has abandoned any challenge on that ground, and "it follows that the judgment is due to be affirmed." *Id.*

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). After the First Step Act, a district court may grant a prisoner's motion for compassionate release, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13.  *See* U.S.S.G. § 1B1.13.  Section 1B1.13 is applicable to *all* motions filed under § 3582(c)(1)(A), including those filed by prisoners.  *United States v. Bryant*, 996 F.3d 1243, 1251–62 (11th Cir.), *petition for cert. filed*, No. 20-1732 (U.S. June 10, 2021).  Relevant here, a district court may not reduce a sentence under § 1B1.13 unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons" and the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).  U.S.S.G. § 1B1.13.  According to the § 1B1.13 commentary, extraordinary and compelling reasons may exist under certain listed circumstances, including a defendant's medical condition. *See id.*, cmt. (n.1).  A prisoner's medical condition may warrant a sentence reduction if he (1) has a terminal disease, or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover.  *Id.*, cmt. (n.1(A)).  The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed.  *Id.*, cmt. (n.1(D)).

In addition to determining whether a movant has offered extraordinary and compelling reasons and whether a reduction or

release would be consistent with the policy statement in § 1B1.13, a district court must also consider "all applicable" § 3553(a) factors when it grants or denies a motion for compassionate release. *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021).[1]   A district court is not required to articulate its findings and reasonings in great detail, but, when we consider a § 3582(c)(1)(A)(i) motion, we "cannot engage in meaningful appellate review and must vacate and remand" if the record does not reflect that the district court considered the applicable factors.  *Id.* at 1185–86 (quotations omitted).

So, we've said that it is not necessary for the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.  *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  Instead, a sentence may be affirmed so long as the record indicates that the district court considered a number of the factors.  *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).  "The weight given

---

[1] Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are as follows: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment.  18 U.S.C. § 3553(a).  Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences, and the need to provide restitution to any victims.  *Id.*

to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). Even so, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

Under 18 U.S.C. § 3142(g), the court can consider numerous factors in determining whether an individual is a danger to the safety of any other persons or to the community, including the following: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release. 18 U.S.C. § 3142(g). A defendant may pose a danger to the community not only through physical violence, but also if he might engage in criminal activity detrimental to the community. *United States v. King*, 849 F.2d 485, 487 n.2 (11th Cir 1988).

Here, Goldberg is currently serving a sentence of 156 months' imprisonment after pleading guilty, in 2013, to one count of enticing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). According to the unobjected-to facts in Goldberg's presentence investigation report ("PSI"), his offense involved his use of the promise of money and other items to entice and exploit two minor girls into permitting him to take

21-10416                Opinion of the Court                    7

photographs of them exposing their breasts, buttocks, and genitals. Goldberg had repeated contact with the minors and at least once, took one of them to a gas station bathroom where he performed oral sex on her. Based on the record, the district court denied Goldberg's motion for compassionate release on three independent grounds: that Goldberg did not demonstrate "extraordinary and compelling reasons" to support his early release; that the § 3553(a) factors did not support his early release; and that if he were released early, he would present a danger to society.

In this appeal, however, Goldberg has abandoned any challenge to the district court's determination that he failed to establish extraordinary and compelling reasons for release. *Smith*, 967 F.3d at 1204 n.5. Goldberg mistakenly claims that the district court agreed with him that the confluence of his medical conditions and COVID-19 was an extraordinary and compelling reason for a sentence reduction, but the district court did not do so. Rather, the district court specifically determined that Goldberg "ha[d] not demonstrated 'extraordinary and compelling reasons' for the [district court] to reduce or modify his sentence," reasoning that none of his alleged ailments rendered him unable to provide self-care while incarcerated and were not conditions from which he was not expected to recover. By failing to challenge the district court's dispositive finding that he failed to demonstrate extraordinary and compelling reasons warranting release -- a finding that is necessary for the grant of a motion for compassionate release, *see* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 -- he abandoned any challenge on

that ground, and "it follows that the judgment is due to be affirmed." *Sapuppo*, 739 F.3d at 680.

AFFIRMED.